Gene TYSON, Appellant,

v.

CASUALTY CORPORATION OF AMERICA, INC., Appellee.

No. 48186.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 10, 1976.

Released for Publication By Order of Court of Appeals March 3, 1977.

Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman, by Wayne Wells, Oklahoma City, for appellant.

Cassil, Jackson & Hall, by Robert P. Hall, C. Thomas Kite, Legal Intern, Oklahoma City, for appellee.

REYNOLDS, Presiding Judge.

The insured brought this action in contract against his insuror for its alleged bad faith failure to settle a personal injury action within the limits of the policy of insurance. A judgment had been recovered against the insured for $18,375 over and above the $5,000 policy limit. The insuror's special demurrer was sustained on the ground that the insured's remedy was in tort, subject to a two year statute of limitations, and his action was not filed until two years, nine months after judgment had become final in the personal injury action. The insured, plaintiff below, appealed on the ground that the pleading framed an action in contract, therefore is governed by the five year statute of limitations for actions on a written contract. 12 O.S.1971, § 95.

The tort characterization was used by the Oklahoma Supreme Court in determining the effect of an action of this nature. In *Fidelity & Casualty Co. of New York v. Southall,* 435 P.2d 119 (Okl.1967) the injured party garnished Fidelity, which was the insured's excess insuror. Fidelity asserted as a defense, that its insured had instituted an action against his primary insuror for failure to settle within the limits of the policy. The Court held that this was no defense because the insured's action was to recover an unliquidated tort claim. The Oklahoma Court of Appeals followed this decision in denying a right of action to a judgment creditor in a direct action against the insured-tortfeasor's insurer, characterizing the action as being in tort. *Cue v. Casualty Corporation of America,* 537 P.2d 349 (Okl.Ct.App.1975).

Other jurisdictions have treated actions of this type as being in contract, allowing assignment and garnishment, *Gray v. Nationwide Mutual Insurance Co.,* 422 Pa. 500, 223 A.2d 8 (1966), and have allowed the plaintiff to frame its action as a contract for purposes of limitation of the action, *Comunale v. Traders & General Insurance Co.,* 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883 (1958). These courts reasoned that because the insurer assumes a fiduciary position towards the insured, *Gedeon v. State Farm Mutual Automobile Insurance Co.,* 410 Pa. 55, 188 A.2d 320 (1963), or because unwarranted refusal to settle within the policy limits constitutes a breach of the implied covenant of good faith and fair dealing, *Comunale,* supra, the breach of such an obligation constitutes a breach of the insurance contract for which an action in assumpsit will lie.

The statute of limitations

" . . . is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses." *Bell v. Morrison,* 26 U.S. (1 Pet.) 351, 360, 7 L.Ed. 174, 179 (1828).

Also see discussions in 26 Okla.Law Rev. 249 and 12 Okla.Law Rev. 343, 417.

We have been directed to no Oklahoma cases deciding whether the plaintiff-insured should be allowed to waive the tort and sue in contract, thereby coming within the five year statute of limitations. Although it is difficult to determine how the instant action would more likely grow "stale" or be less capable of explanation than the ordinary action based on a written contract, the Oklahoma authorities would permit but one characterization of this type of action, that being in tort. Oklahoma is not alone in doing so. In *Hernandez v. Great American Insurance Co. of New York,* Tex.Civ.App., 456 S.W.2d 729 (1970), the action was held to be one sounding in

**240**

tort, to which the two year statute of limitations applies. The court there reasoned that the action ". . . is bottomed on negligence or bad faith."

The trial court judgment is affirmed.

AFFIRMED.

BOX and ROMANG, JJ., concur.