**Floyd LEWIS, Jr., Appellant,**

v.

**FARMERS INSURANCE COMPANY,
INC., Appellee.**

**No. 58862.**

Supreme Court of Oklahoma.

Oct. 25, 1983.

As Corrected Oct. 26, 1983.

Rehearing Denied June 12, 1984.

Gary L. Brooks & Associates by Gary L. Brooks, Oklahoma City, for appellant.

Green, James, Williams & Elliott by Kenneth W. Elliott, Oklahoma City, for appellee.

HODGES, Justice.

The novel question presented is whether the twelve-month statute of limitations prescribed by 36 O.S. 1981 § 4803(G) and contained in the standard fire policy [1] controls

---

1. The standard fire insurance policy prescribed by 36 O.S.1981 § 4803(G) provides in part:

the time to bring an action for alleged bad faith refusal to pay a valid insurance claim; or if, because the action sounds in tort, 12 O.S.1981 § 95(3), the two-year tort limitation period applies.[2]

The (appellant-homeowner), Floyd Lewis, Jr., purchased a fire insurance policy from Farmers Insurance Company, Inc., (appellee-insurer). On January 15, 1981, while the policy was in full force and effect, the residence sustained substantial fire damage, and afterwards the home was vandalized. The homeowner demanded payment by the insurer under the terms of the policy: on January 16, 1981, he discussed his loss with insurer's independent adjuster; on March 8, 1981, the insured submitted an unnotarized proof of loss; and on May 19, 1981, the insurer's counsel conducted a sworn examination. Because the original proof of loss was incomplete, it was returned by the insurer's counsel to the insured May 28, 1981. Two blank proof of loss forms were enclosed and a sixty-day extension was granted. July 1, 1981, counsel noted that the sworn examination had been returned unclaimed; receipt of the insured's proof of loss and sworn examination was acknowledge July 24, 1981; and the claim was denied August 12, 1981.[3]

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

2. It is provided by 12 O.S.1981 § 95(3):
"Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

3. Insurer's inter-office memos, dated February 4, 1981, and March 16, 1981, reflect that a delay game was in effect. Because the fire was being investigated, the adjustment company purportedly advised the insurer that it would not be wise to make any decision on the claim until the investigation was completed. The insurer sent a proof of loss demand letter and exercised the right under the policy to secure a statement under oath from the insured.

An insurer has the duty to furnish forms of proof of loss to the insured. The insurer does not have any responsibility for the completion of the form, or the manner of a completion or attempted completion. Upon receipt of a proof of loss, it is the duty of the insurer to submit a written offer of settlement or rejection of the claim within ninety days, pursuant to 36 O.S. 1981 § 3629(A)(B), which states: "A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion. B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. This provision shall not apply to uninsured motorist coverage."
See also *Shinault v. Mid-Century Insurance Co.,* 654 P.2d 618, 619 (Okl.1982).
The policy and 36 O.S.1981 § 4803 require that within sixty days after the loss, the insured must submit a signed and sworn proof of loss unless the time is extended in writing by the company, as provided by 36 O.S.1981 § 4805, which states: "When any insurance policy subject to the provisions of this article contains a provision that the insured must render a written sworn proof of loss within sixty (60) days from the date of fire or loss to the insurer, or the same is required by law to be so rendered, the insurer cannot assert the failure of insured to so render such proof of loss in any litigation or court proceeding, unless the insurer plead and prove that it has furnished the insured with two blank forms for the execution of proof of loss, that has printed thereon, in bold-faced type in a conspicuous place, the warning that a proof of loss must be rendered to the insurer within sixty (60) days from the date of receipt of the blank forms for proof of loss by the insured, or by putting such warning in a like form in a letter of instruction for executing a proof of loss that will accompany the proof of loss blanks furnished the insured, and the insurer has further executed and furnished the insured its written extension of time, giving the insured sixty (60) days from the date such blanks were received by the insured. These requirements cannot be waived by any agreement between the parties or otherwise."

An action was filed February 4, 1982, seeking recovery for the damage to the residence and its contents, and punitive damages based on the wrongful, refusal of the insurer to pay the claim. The insurer responded by filing a general and special demurrer and a motion for summary judgment based on the assertion that the claim was barred by the statute of limitations. The demurrers were overruled, and the motion for summary judgment was denied after the court determined that the cause of action sounded in tort. The insurer filed a motion to reconsider, and the trial court reversed its ruling upon the theory that the one-year contractual limitation was applicable to the homeowner's bad faith claim instead of the two-year tort statute of limitations.

I

The homeowner contends that the gravamen of his action is the tortious failure of the insurer to deal fairly in good faith, and that the two-year statute of limitations is controlling. Although this question has not been decided by this Court, in *Tyson v. Casualty Corp. of America, Inc.,* 560 P.2d 238, 240 (Okl.App.1977), the Court of Appeals held that an action for bad faith refusal to settle a personal injury action was regulated by the two-year statute of limitations. The homeowner contends that *Tyson* is controlling. The insurer counters that: the limitation period set by the contract governs; *Tyson* is inapplicable because it did not involve a statutory fire insurance policy; that the crux of the suit is an action ex contractu; and that there is a conflict between 12 O.S.1981 § 95(3) and 36 O.S.1981 § 4803(G). We do not agree with the insurer's contentions.

 A breach of contract is a material failure of performance of a duty arising under or imposed by agreement. Although torts may be committed by parties to a contract, a tort is a violation of a duty imposed by law independent of contract. If the contract is merely the inducement which creates the occasion for the tort, the tort, not the contract, is the basis of the action.[4] A common law duty to perform with care, skill, reasonable expediency, and faithfulness accompanies every contract. Negligent failure to observe any of these conditions will give rise to an action ex delicto as well as an action ex contractu.[5]

 In *Christian v. American Home Assur. Co.,* 577 P.2d 899 (Okl.1978), this Court clearly recognized the two causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith. In this instance, the insured seeks damages for tortious failure of the insurer to deal fairly and in good faith, and for repairs to his home. The homeowner argues that the repair costs he seeks is one type of consequential damages recognized by *Christian*. *Christian* established that the insurer is responsible for all consequential damages and in a proper case, punitive damages, which result in failure to deal fairly and in good faith. The obligation of an insurer to its insured upon proper presentation of a valid claim is not limited to the payment of money. The statutory duty imposed upon the insurer to accept or reject the claim within ninety days of the receipt of the proof of loss recognizes that a substantial part of the right purchased by the insured is the right to receive benefits promptly. Unwarranted delay causes the sort of economic hardship which the insured sought to avoid by the purchase of the policy, and results in possible mental stress which may result from the loss.[6]

---

**4.** *Equilease Corp. v. State Federal Sav. & Loan Ass'n,* 647 F.2d 1069 (10th Cir.1981).

**5.** *Okla. Natural Gas Co. v. Pack,* 186 Okl. 330, 97 P.2d 768, 770 (1940).

**6.** *Christian v. American Home Assur. Co.,* 577 P.2d 899 (Okl.1978) involved a disability claim;

the problem in *McCorkle v. Great Atlantic Ins. Co.,* 637 P.2d 583 (Okl.1981) was the unreasonable and malicious refusal to pay under the terms of the policy; and *Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907 (Okl.1982) recognized liability for the tortious refusal to pay a

Tort liability may be imposed only if there is a clear showing that the insurer, in bad faith unreasonably withholds payment of the claim. A cause of action in tort arose when the insurer breached the implied duty to deal fairly and in good faith with its insured. We find that the homeowner's alleged cause of action is founded in tort, and that the two-year statute of limitations is applicable. The appellee's argument that the statutes are in conflict is not persuasive because 36 O.S.1981 § 4803 is inapplicable. There can be no conflict in the absence of two controlling statutes.

REVERSED.

SIMMS, V.C.J., and LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

BARNES, C.J., and IRWIN and OPALA, JJ., dissent.

OPALA, Justice, dissenting:

The first-impression question before the court is whether a claim for the insurer's bad faith refusal to pay a fire loss is governed by a one-year limitation prescribed in 36 O.S.1981 § 4803(G) for actions on a fire insurance policy or by a two-year limitation period in 12 O.S.1981 § 95(3) which governs actions "for injury to the rights of another, not arising on contract ..." The court holds that the claim is *ex delicto* and hence § 4803 is inapplicable. I cannot accede to this view.

The claim before us was first fashioned in *Christian v. American Home Assur. Co.*, Okl., 577 P.2d 899 [1978]. There, at *904*, we adopted the California view, expressed in *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 484, 510 P.2d 1032, 1036 [1973], and characterized the bad-faith breach of an insurer's duty to pay as sounding " '*in both contract and tort*' ". [emphasis supplied]. The instant case clearly falls under the rubic of *hybrid* actions that lies somewhere in the gray area separating pure tort from classic contract cases. The class may be described as "torts arising out of contrac-

claim based on an airplane crash and wrongful

tual relationships". *General Motors Corporation v. Piskor*, 281 Md. 627, 639, 381 A.2d 16, 22–23 [1977]. Claims of this genre exhibit characteristics of both tort and contract actions. A tort will be deemed to arise out of a contractual relationship if the delictual duty breached and the contract are so intertwined that one cannot be viewed in isolation from the other because the detriment sought to be vindicated arose directly from performance or nonperformance of the contract. *General Motors Corporation v. Piskor*, supra, 381 A.2d at 21, and *Caruso v. Republic Insurance Company*, 558 F.Supp. 430, 434–435 [D.C.Md. 1983].

The "tort" here consists of nothing more than a bad-faith nonperformance of a contract. What occasioned this litigation was a *single*, allegedly insured-against loss by fire. Whether its recovery now be sought as an insurer's breach of policy provisions or as a bad-faith refusal to settle a claim, only *one* episode of breached duty is tendered for legal redress—the insurer's nonpayment of a *single* loss. No matter how the pleader's claim may be characterized, the insured cannot escape the fact that, save for the contract, there would be here no detriment legally to be redressed. As a theory of recovery, an insurer's bad-faith refusal to pay must necessarily draw its viability from presupposed existence of an *actionable breach of a valid policy obligation which has not gone stale but remains presently remediable.* At the very core of insurer's extracontractual liability lies *mala fide* nonperformance of an *enforceable* promise. Although our current remedies' regime gives the insured a choice between two *alternative* theories of recovery—one founded on promise-generated liability and the other on insurer's duty of good faith implied from his status or derived from public policy considerations—the latter theory may be invoked *only* as long as the contract claim still remains *timely* for judicial vindication. Nonpayment of a *stale* claim surely is *not* actionable as insurer's bad-faith refusal to settle.

refusal to defend the pilot.

Once a cause of action to recover for loss by fire is barred by lapse of time, the breached duty to pay that loss becomes irremediable. The claim cannot be later resurrected or revived under the guise of a suit to enforce the insurer's bad-faith failure to settle. *Barrow Development Co. v. Fulton Insur. Co.*, 418 F.2d 316, 319 [9th Cir.1969] and *Modern Carpet Industries, Inc. v. Factory Insurance Association*, 125 Ga.App. 150, 186 S.E.2d 586, 587 [1971]; see also *Skrupky v. Hartford Fire Insurance Co.*, 55 Wis.2d 636, 201 N.W.2d 49 [1972]. Because under § 4803(G) the obligation in suit can no longer be enforced after one year from the "inception of the loss", the bad-faith claim in contest before us was not timely brought. I would hence affirm the summary judgment for the insurer.

I am authorized to state that BARNES, C.J., and IRWIN, J., concur in this view.