**Sally L. DENNIS, Plaintiff,**

v.

**WILLIAM PENN LIFE ASSURANCE COMPANY OF AMERICA, Defendant.**

**No. CIV–88–854–A.**

United States District Court, W.D. Oklahoma.

June 28, 1989.

Marilyn M. Edens, McAfee & Taft, Oklahoma City, Okl., for plaintiff.

Jim T. Priest, McKinney, Stringer & Webster, Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

Before the Court in this case is the motion of defendant William Penn Life Assurance Company of America for summary judgment pursuant to Fed.R.Civ.P. 56, to which plaintiff Sally L. Dennis has responded.

Plaintiff's action is for breach of contract by refusal to pay benefits under a life insurance policy insuring the life of Curtis Coye Dennis (hereinafter "Dennis"), on which policy plaintiff was the beneficiary, and for tortious breach of an implied duty of good faith and fair dealing by unexcused

delay in denying plaintiff's claim under the policy.

■ Summary judgment is appropriate in cases where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no genuine issue of fact for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The mere scintilla of evidence in support of the plaintiff's position will not be sufficient to defeat a motion for summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* 106 S.Ct. at 2512.

Two issues are presented by this motion: (1) whether a jury could reasonably find that defendant wrongfully denied plaintiff's claim on the basis of material misrepresentations by Dennis, and (2) whether, under Oklahoma law, a jury could reasonably find that defendant handled plaintiff's claim in bad faith. These issues will be taken up in the order listed.

### (1) *Material Misrepresentation*

■ Under Oklahoma law, material misrepresentations by an insured in an application for insurance are grounds for rescission of the policy if (1) fraudulent, or (2) material to acceptance of the risk or (3) the insurer in good faith would not have issued the policy if the true facts had been known. 36 O.S. 3609. If *any* of these conditions is satisfied, the insurer may avoid liability under the policy. Plaintiff's argument that defendant must prove both fraudulent misrepresentation by the insured and also materiality of the misrepresentation[1] is contrary to a plain reading of the statute.

■ Plaintiff's argument that defendant must prove that Dennis' misstatements in his insurance application were made with an actual intent to deceive is also contrary to Oklahoma law. In construing 36 O.S. 3609, the Oklahoma Supreme Court has stated:

"A misrepresentation in negotiations for a life insurance policy under 36 O.S.1961 § 3609, is a statement as a fact of something which is untrue, and which the insured knows or should know is untrue, ..., and which has a tendency to mislead, where such misrepresentation is material to the risk."

*Vaughn v. American National Insurance Co.,* 543 P.2d 1404, 1406–07 (Okla.1975), quoting *Massachusetts Mutual Life Ins. Co. v. Allen,* 416 P.2d 935 (1965). In *Jacobs v. Time Insurance Co.,* No. 88–1743 (10th Cir., Oct. 25, 1988), the Court stated at p. 7:

The law in Oklahoma is clear, however, that the Applicant's good faith or his intent in answering a question on an application for insurance are not relevant to the insurer's ability to avoid the policy.

Thus, a misrepresentation by the insured, if material to the acceptance of the risk, need not be made with an actual intent to defraud to be a basis for rescission of the policy by the insurer. It is sufficient if the insured either knows, or should know, that a statement he has made is untrue.

■ Based on all the evidence presented, the Court finds that there is no genuine issue of fact as to whether Dennis knowingly misrepresented facts in his insurance application, and whether such misrepresentations were material to defendant's acceptance of the risk. Under the evidence presented, a reasonable jury could not find that Dennis did not knowingly misrepresent facts on his application, or that such misrepresentations were not material to defendant's decision to issue the policy. The most obvious misstatement of which Dennis must have been aware was his denial that he had ever had his driver's license revoked or suspended. It is undisputed that Dennis' license was suspended in

---

1. Plaintiff's Response Brief, p. 9.

March, 1984, approximately a year and a half before he submitted the insurance application to defendant. Although plaintiff argues that Dennis may have subjectively believed some of his other answers were truthful, and that some of the other questions on the application were ambiguous, plaintiff does not contend that the question "Has any person proposed for insurance had driver's license restricted, revoked, or suspended?" was in any way ambiguous, or that Dennis could have honestly believed he answered it truthfully. A reasonable jury could only find that Dennis knew or should have known that he answered this question falsely.

Conscious misrepresentation is equally clear in Dennis answers to two other questions on the application. Dennis answered "no" to an inquiry as to whether he had been under the treatment or consultation of any physicians within the past 5 years. It is undisputed, however, that Dennis had been under the treatment of Drs. Stephen Connor, M.D., Paul Patzkoysky, M.D., and Boyd Lester, M.D., in 1984, the year before he completed this application. Dennis also misrepresented on his application that he at that time had only one other life insurance policy in effect, when he in fact had other undisclosed insurance in effect. Plaintiff has introduced no evidence that these questions were ambiguous, were misunderstood by Dennis, or were answered other than fraudulently. Even assuming, as plaintiff argues, that an issue of fact exists as to whether Dennis knowingly misrepresented that he had not engaged in racing, and had not received treatment for alcoholism, there is no issue of fact as to these other misrepresentations.

■ With respect to whether a misrepresentation was material to acceptance of the risk by defendant, there is also no genuine issue of fact. A misrepresented fact is material if a reasonable insurance company in determining its course of action would attach importance to the fact misrepresented. *Long v. Insurance Co. of North America*, 670 F.2d 930, 934 (10th Cir.1982). Furthermore, materiality can be decided as a matter of law if reasonable minds cannot differ on the question. *Id.* Dennis concealed from defendant the fact that he had been under the treatment of Dr. Boyd Lester for depression as late as 1984. Undoubtedly, a reasonable insurer would attach importance to the fact that a life insurance applicant was being treated for depression in determining whether to issue a policy. Plaintiff acknowledges that, under current case law, failure to disclose known serious health problems is ground for rescission of a life insurance policy.[2] Dennis' failure to disclose his recent treatment for depression and other serious medical conditions was a material misrepresentation, which provides a basis for defendant's rescission of his life insurance policy.

■ In addition, Dennis' misrepresentation that he had not engaged in or had any intention to engage in racing was material. First, there is abundant evidence that Dennis falsely answered the question on the application related to racing. Both Darrell Cleveland and Connie Edwards had personal knowledge that Dennis raced cars on numerous occasions.[3] Although William Dunford never actually saw Dennis drive in a race, he did see him practice driving a race car at a race track, and was personally present when Dennis discussed his racing activities.[4] Dennis was a member of a racing association, and his name was listed on the association's race reports for 1985. The 1985 medical records of Dr. Connor, his physician, state that Dennis had been driving in races.[5] His obituary states that he was a racing enthusiast. Plaintiff disputes the fact that Dennis actually drove a race car, and contends that he merely sponsored the race car. However, it is undisputed that Dennis died from injuries he sustained while driving, not sponsoring, a race car.

**2.** Plaintiff's Response Brief, p. 14.

**3.** Defendant's Reply Brief, Exhibits M and N.

**4.** Affidavit of Dunford, Defendant's Exhibit B.

**5.** Defendant's Exhibit G.

■ The materiality of Dennis' misrepresentation concerning racing is evident from the fact that the insurance application specifically inquired about this activity. The application itself attests to the fact that defendant attached importance to an applicant's participation in racing activities.

■ Under Oklahoma law, an insurer has a right to rescind a life insurance policy procured with an application containing a single material misrepresentation knowingly made. Dennis' application contains not one, but several such misrepresentations. The shear number of these occurrences, together with the lack of evidence by plaintiff that the misrepresentations were neither made with knowledge of their falsity nor material, precludes a finding by reasonable jurors that defendant wrongfully denied plaintiff's claim. Defendant is therefore entitled to summary judgment on this issue.

### (2) *Bad faith claim*

■ Plaintiff also alleges that defendant breached an implied duty of good faith and fair dealing in unjustifiably delaying the denial of her claim. With respect to this cause of action, plaintiff relies on the implied duty of good faith and fair dealing recognized in *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla.1977). However, *Christian* imposes a duty of good faith on an insurer only in the handling of a *valid* claim. *Id.* at 903. As seen above, plaintiff did not have a valid claim.

Plaintiff cites no authority for her proposition that an insurer owes a duty of good faith to a claimant, irrespective of the validity of his claim. In all of the cases cited by plaintiff in which a breach of the duty of good faith was found, the insurer had denied a valid claim. *Christian, supra; Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907 (Okla.1982). Plaintiff cites *Lewis v. Farmers Insurance Co., Inc.,* 681 P.2d

67, 69 (Okla.1983) for the proposition that an insurer's obligation to act in good faith is not limited to the payment of money. However, the holding in *Lewis* is not that broad. The Court actually states: "The obligation of an insurer to its insured *upon presentation of a valid claim* is not limited to the payment of money" (emphasis added). 681 P.2d at 69.

Moreover, the Oklahoma Supreme Court has held that a bad faith cause of action under *Christian* will not lie where there is a legitimate dispute as to the validity of the claim asserted. *Manis v. Hartford Fine Ins. Co.,* 681 P.2d 760 (Okla.1984). "To hold otherwise would subject insurance companies to the risk of punitive damages whenever litigation arises from insurance claims. Insurance companies have the right to dispute a claim in good faith." 681 P.2d at 762. Defendant's decision to investigate plaintiff's claim was justified both because of the misrepresentations in Dennis' application, and because Dennis' death occurred during the contestable claims period of the policy. Because defendant rightfully disputed plaintiff's claim, plaintiff has no bad faith cause of action in this case.

### CONCLUSION

For all of the above stated reasons, the Court finds that there is no genuine issue as to any material fact necessary to determine this case, and that defendant William Penn Life Assurance Company of America is entitled to and is hereby granted summary judgment as a matter of law. Fed.R. Civ.P. 56(c).

It is so ordered.