986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 A. John GEIGER, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-6171.
 United States Court of Appeals, Tenth Circuit.
 Feb. 1, 1993.
 
 1
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and BELOT,* District Judge.
 
 
 2
 MONTI L. BELOT, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 In this diversity action, plaintiff appeals from the district court's order denying his motion for partial summary judgment and granting defendant's motion for summary judgment. Plaintiff asserted two claims under Oklahoma law: 1) a breach of contract cause of action based upon defendant's failure to pay benefits under a disability insurance policy; and 2) a tort cause of action alleging defendant acted in bad faith in denying the disability claim. The district court concluded that defendant was entitled to rescind the disability policy because plaintiff had misrepresented his income on the insurance application and that defendant had not acted in bad faith.
 
 
 5
 This court reviews a district court's summary judgment decision de novo, Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), viewing the record in the light most favorable to the nonmoving party, Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuinely disputed material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On the other hand, Rule 56 precludes summary judgment if there is evidence before the district court "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). Upon consideration of the record and the parties' arguments on appeal, we affirm the district court's decision.
 
 
 6
 The following facts are undisputed: Plaintiff applied for and obtained a disability insurance policy from defendant on November 5, 1990. Plaintiff's former wife, who was one of defendant's agents, assisted him in completing the application. Plaintiff misrepresented several facts on the application, including his income for the previous two years. He asserted that his 1988 earned income was $58,000 and his 1989 earned income was $55,000. In fact, plaintiff's 1988 income was only $13,326.38, while his 1989 income was $10,731.71. Plaintiff knew, at the time he signed the application, that the income information was false.
 
 
 7
 Defendant would not have issued a disability policy to anyone who earned less than $16,000 annually. Further, in order to qualify for the amount of benefits offered by the policy plaintiff purchased, an individual would have to make at least $52,000 a year.
 
 
 8
 One month after defendant issued the policy, plaintiff suffered a stroke. He subsequently filed a "Notice of Claim" for disability benefits on January 2, 1991, and a "Proof of Claim" on February 26, 1991. The parties corresponded from January through July 1991 concerning this claim. In August, plaintiff, having not received payment of any disability benefits, commenced this action in Oklahoma state court. Defendant subsequently removed the action to federal court. Following plaintiff's deposition, conducted in January 1992, defendant, on February 24, 1992, rescinded the policy and tendered to plaintiff a check representing the premiums paid on the policy, plus interest.
 
 
 9
 On appeal, plaintiff first argues that defendant was not entitled to rescission because, at the time it issued the policy, defendant had knowledge, imputed to it from defendant's agent, of plaintiff's true income. The general rule is that "knowledge obtained by an agent of an insurer while acting within the scope of his authority is imputed to the insurer." Mutual Life Ins. Co. v. Bohlman, 328 F.2d 289, 294 (10th Cir.1964) (applying Oklahoma law). The purpose of this general rule is to allow an innocent third party to presume that the agent will perform his duty and report to the insurer all the facts that affect its interests. Id. This general rule does not apply, however, "when the third party knows there is no foundation for the ordinary presumption--when he is acquainted with circumstances plainly indicating that the agent will not advise his principal--as [the rule] is intended to protect those who exercise good faith, and not as a shield for unfair dealing." Id. An agent's knowledge, therefore, will not be imputed to the insurer if the applicant knows, or should know, that the agent is not going to transmit the correct information to the insurer and that the insurer is being deceived. See id. at 295; Motors Ins. Corp. v. Freeman, 304 P.2d 328, 330-31 (Okla.1956).
 
 
 10
 In this case, the parties do not dispute that plaintiff's application contained inaccurate income information. At his deposition, plaintiff indicated that, although his former wife filled out the application, he watched her make the entries. He further testified that he was aware that the income figures included in the application were inaccurate when he signed the application.
 
 
 11
 Plaintiff argues that, despite these undisputed facts, a reasonable jury might still believe that he was unaware that defendant would be deceived by this false information. Even in light of those undisputed facts, the record does not contain sufficient evidence to enable a reasonable jury to find in favor of plaintiff on this issue. Summary judgment for defendant on the issue of rescission, therefore, was appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. at 251.
 
 
 12
 Plaintiff nonetheless argues that defendant is estopped from, and has waived its right to, rescind the insurance policy because defendant continued to accept plaintiff's monthly premium payments until February 1992. In order to rescind an insurance policy, Oklahoma law requires that the insurer act promptly, after acquiring knowledge of facts supporting rescission, to notify the insured of its intention to rescind the policy and to tender the return of the unearned premiums the insurer has received. Okla.Stat. tit. 15, § 235; see also Great Am. Reserve Ins. Co. v. Strain, 377 P.2d 583, 587-88 (Okla.1962). Retention of premiums prior to the insurer's acquiring actual knowledge of facts supporting rescission, however, does not waive an insurer's right to rescind the policy. See United States Casualty Co. v. Jackson, 46 P.2d 939, 942 (Okla.1935).
 
 
 13
 An insurer will be entitled to rescind a policy if an applicant makes a material misrepresentation in his insurance application which is fraudulent, or material to the risk accepted by the insurer, or if the insurer, in good faith, would not have issued the policy if it had known the true facts. Dennis v. William Penn Life Assurance Co., 714 F.Supp. 1580, 1582 (W.D.Okla.1989) (citing Okla.Stat. tit. 36, § 3609). The insurer must establish, among other things, that the applicant made those misrepresentations knowing at the time that they were false. Id.
 
 
 14
 Plaintiff argues that defendant possessed sufficient facts to rescind the insurance policy in April 1991, when it received copies of plaintiff's tax returns for the years in question. Because defendant, nonetheless, waited until February 1992 to rescind the policy, plaintiff contends it waived its right to do so.
 
 
 15
 Although defendant did possess information, in April 1991, indicating a discrepancy existed between the income figures plaintiff reported on his tax returns and the figures he included on the insurance application, defendant did not possess facts indicating plaintiff knowingly made those misstatements until he admitted doing so during his deposition in January 1992. Defendant rescinded the policy and tendered the return of the premiums within a reasonable time after that deposition. The fact that defendant rescinded the policy during the course of litigation is not determinative. See Jackson, 46 P.2d at 942 (when insurer obtains knowledge of facts supporting rescission during course of litigation, tender of return of premiums during pendency of legal action not unreasonable).
 
 
 16
 Lastly, plaintiff asserts that the district court erred in granting defendant summary judgment on the bad faith tort claim. Where, as here, however, the insured does not have a valid claim for benefits under the policy, a bad faith claim will not lie. See Dennis, 714 F.Supp. at 1584. The district court, therefore, did not err in granting defendant summary judgment on the tort claim.
 
 
 17
 Plaintiff's remaining arguments lack merit. The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3