**Susie Thompson BURGESS,
Plaintiff–Appellant,**

v.

**FARMERS NEW WORLD LIFE
INSURANCE COMPANY,
Defendant–Appellee.**

**No. 93–6076.**

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 1993.

William C. Devinney, Oklahoma City, OK, for plaintiff-appellant.

Kevin D. Gordon and Timila S. Rother of Crowe & Dunlevy, Oklahoma City, OK, for defendant-appellee.

Before MOORE and BRORBY, Circuit Judges, and VRATIL,* District Judge.

VRATIL, District Judge.

In this diversity action commenced under Oklahoma law, plaintiff appeals the district court's order granting defendant summary judgment on plaintiff's claims seeking payment of death benefits pursuant to a life insurance policy issued by defendant to plaintiff's husband.[1] Following his death, defendant refused to pay those benefits to plain-tiff, decedent's beneficiary, because of misrepresentations concerning the insured's medical history contained in the insurance application.

■ This court reviews a district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there are no genuinely disputed material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Our review of the district court's application of state law is also de novo. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ Under Oklahoma law, an insurer is entitled to avoid its obligation under an insurance policy if the applicant made misrepresentations in his application that were fraudulent or material to the insurer's acceptance of the risk, or if the insurer, had it known the truth, would not, in good faith, have issued the policy. Okla.Stat. tit. 36, § 3609 A; *see Dennis v. William Penn Life Assurance Co.,* 714 F.Supp. 1580, 1582 (W.D.Okla.1989). The existence of a single material misrepresentation in an application, knowingly made, is sufficient to support rescission of the policy. *Dennis,* 714 F.Supp. at 1584.

■ Although the parties disagree as to who supplied the information contained in the application, the record, viewed in the light most favorable to plaintiff, establishes the following: Defendant's agents completed decedent's application without asking him any of the questions included on the form. Although the agents were not aware of it, their responses to several of the medical history questions concerning decedent's abuse of controlled substances and treatment for alcohol-related problems were inaccurate.

---

* Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The agents obtained decedent's signature on the completed application.

As part of this application process, decedent also underwent a medical examination. Although defendant's medical examiner, during that examination, asked decedent several questions concerning his medical history, the examiner inserted inaccurate responses to questions concerning decedent's abuse of controlled substances and treatment for alcohol-related problems without first posing those questions to decedent.

On appeal, plaintiff does not dispute that decedent's insurance application contained misrepresentations nor does she dispute that those misrepresentations were material to defendant's acceptance of risk. Rather, plaintiff argues that her husband could not have knowingly made those misrepresentations because defendant's agents filled out the application without asking him any of the questions included on the form. Relying upon Oklahoma contract law generally, the district court, nevertheless, held that, by signing the completed application, decedent became bound by the misrepresentations made in the application.

In an insurance case addressing facts similar to those alleged here, however, the Oklahoma Supreme Court held:

"Where an agent assumes the responsibility for answering the questions asked in the application, and answers falsely or incorrectly without the applicant having made any statements in connection therewith or knowing the manner in which they were answered, the insurer will be estopped to claim that the representations were false or incorrect."

*Atlas Life Ins. Co. v. Eastman,* 320 P.2d 397, 403 (Okla.1957) (quoting 17 Appleman on Insurance Law and Practice, § 9401). The Oklahoma court also noted that " '[i]t is the duty of an agent for an insurance company to prepare the papers under his supervision so that they will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is, in legal effect, the fault of the company.' " *Eastman,* 320 P.2d at 403 (quoting *Knights & Ladies of Sec. v. Bell,* 93 Okl. 272, 220 P. 594, 595 (1923)).

In *Eastman,* as here, there was direct conflict in the testimony of the beneficiary and the agents "who filled in the answers in the application, as to whether certain answers concerning the health of the insured were given by the [applicant] or were filled in by the agent without [the applicant's] knowledge and without the questions being asked [him]." 320 P.2d at 402. Mrs. Eastman, like the decedent as alleged here, signed the completed application after the agent had filled it out. *Id.* at 400, 403. The Oklahoma Supreme Court determined that the trial court in *Eastman* did not err in allowing the cause of action to go to the jury and upheld the jury's verdict in favor of the beneficiary. *Id.* at 403, 404. That case controls the cause of action alleged here and requires the reversal of the district court's order granting defendant summary judgment, in light of the material factual dispute concerning who, and in what manner, completed decedent's insurance application. *Cf. Mid–Continent Life Ins. Co. v. Iven,* 243 P.2d 983 (Okla.1952) (upholding jury verdict for beneficiary where agent testified that he had accurately recorded applicant's responses to application's questions, but beneficiary asserted that applicant had given accurate information, which the agent failed to record, and the agent had failed to ask questions contained in application, instead filling in answers on his own, and where applicant then signed completed application without reading).

The judgment of the United States District Court for the Western District of Oklahoma is, therefore, REVERSED and the case is REMANDED for further proceedings consistent with this opinion.