**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAPITOL INDEMNITY
CORPORATION,

      Plaintiff-Appellant,

v.

LARRY MITCHELL LOWE and
CYNTHIA DIANE LOWE,
individually, as husband and wife, and
as parents and next friends of CARRA
MICHELLE LOWE,

      Defendants-Appellees,

and

JAMES S. WOODS and TOM HILL,
individually and d/b/a BOA PRIVATE
INVESTIGATION AGENCY,

      Defendants.

No. 98-6011
(D.C. No. CIV-96-596-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Capitol Indemnity Corporation (Capitol) brought this diversity action under 28 U.S.C. § 2201 seeking a judgment declaring that the insurance policy issued to defendants James S. Woods and Tom Hill, doing business as BOA Investigative Agency (BOA), was either rescindable *ab initio* or canceled before BOA allegedly injured defendants Larry Mitchell Lowe, Cynthia Diane Lowe, and Carra Michelle Lowe (the Lowes). The district court granted summary judgment in favor of the Lowes, and Capitol appeals. "Reviewing the district court's grant of summary judgment and its interpretation of the insurance policy de novo," MGA Ins. Co. v. Fisher-Roundtree, Nos. 97-6391 & 97-6414, 1998 WL 758395, *1 (10th Cir. Oct. 30, 1998), we affirm.

## BACKGROUND

In Oklahoma, private investigator licenses are issued by the Council on Law Enforcement Education and Training (CLEET). See Okla. Stat. tit. 59, § 1750.5(A). CLEET will not issue a license without a showing that the applicant

has minimum general liability insurance coverage or a surety bond that protects the public by allowing recovery for "actionable injuries, loss, or damage as a result of the willful, or wrongful acts or omissions" of the licensee. See id. § 1750.5(J)(1). The statutorily required insurance policy or bond may "not be modified or canceled" unless ten days' prior written notice is given to CLEET. Id. § 1750.5(J)(4).

In order to meet this requirement, BOA applied for a Capitol liability policy, through Anderson Road Insurance Company, an independent broker. Oklahoma General Agency (OGA), Capitol's general agent in Oklahoma, approved the application and issued a policy on behalf of Capitol, with an effective date of July 1, 1993. The Anderson Road Insurance Agency issued a "Certificate of Insurance" to CLEET, showing that BOA had a Capitol policy in the amount of $100,000 and stating, in conformity with Okla. Stat. tit. 59, § 1750.5(J)(4), that the issuing company may not cancel the policy except upon ten days written notice to CLEET. The terms of the policy, however, prescribed cancellation by mailing written notice to the named insured thirty days before the effective date of cancellation.

On August 23, 1993, OGA sent a cancellation notice to BOA that the policy was canceled, effective September 27, 1993, based on an increased hazard related

to bodyguard service and subcontracted work. CLEET was not provided with notice of cancellation.

On June 1, 1994, BOA conducted a raid at the home of the Lowes. Alleging that they had received injuries and sustained damages as a result of the raid, the Lowes filed suit in state district court. Capitol then filed this declaratory judgment action against the Lowes, Woods, Hill, and BOA, seeking a determination that Capitol was entitled to rescind the policy, based on alleged misrepresentations made by the insureds or, alternatively, that Capitol had effectively canceled the policy before the Lowes' claims arose. Capitol and the Lowes moved for summary judgment. In an order filed October 3, 1997, the district court entered summary judgment in favor of the Lowes and against Capitol.

Concerning Capitol's claim for rescission, the district court recognized that an insurer is entitled to avoid its obligations under an insurance policy if the applicant made material misrepresentations in the application. See Burgess v. Farmers New World Life Ins. Co. , 12 F.3d 992, 993 (10th Cir. 1993). It concluded, however, that reasonable factfinders could differ as to whether the alleged misrepresentations were material. Moreover, the court determined that any such rescission could not affect the Lowes because it is well-settled that, as applied to a third-party claimant, an insurer cannot retroactively avoid coverage

under a compulsory insurance or financial responsibility law.  See, e.g. , Van Horn v. Atlantic Mut. Ins. Co. , 641 A.2d 195, 203-07 (Md. 1994); Ferrell v. Columbia Mut. Cas. Ins. Co. , 816 S.W.2d 593, 595-96 (Ark. 1991).  Accordingly, the court denied Capitol's motion for summary judgment.

With regard to the Lowes' motion, the district court applied another established rule:  where statutory provisions require notice to a government agency before cancellation of a policy, an attempted cancellation which does not comply with the notice provisions is ineffective, at least against third parties seeking to recover against the insured.  See, e.g. , Commercial Standard Ins. Co. v. Garrett , 70 F.2d 969, 975-76 (10th Cir. 1934) (holding oral notice of cancellation inadequate where an administrative rule, made in conformity with an Oklahoma statute, required written notice); see also Lee R. Russ & Thomas F. Segalla, Couch on Insurance, § 31:19 (3d ed. 1997) (setting out the general rule that "[w]here statutory provisions require notice to a government agency in order to effect a cancellation of a policy, such notice must be given to effect a cancellation, and conversely there is no cancellation where notice is given merely in accordance with the provisions of the policy").  The court, therefore, determined that OGA's attempt at cancellation was ineffective because CLEET had never received the written notice required by Okla. Stat. tit. 59, § 1750.5(J)(4).  It granted the Lowes' motion for summary judgment and, later,

granted Capitol's request for entry of final judgment, <u>see</u> Fed. R. Civ. P. 54(b). This appeal followed.

## DISCUSSION

On appeal, Capitol argues that the district court erred in its basic determination that the Capitol policy is "compulsory insurance," and, consequently, reached flawed conclusions concerning the impermissibility of rescission and the need to comply with statutory cancellation requirements. After reviewing the record, the case law, and the relevant statutes, we agree with the analysis set out in the district court's thoughtful order.

Capitol's argument that the policy is not "compulsory insurance" may be quickly discounted. "A compulsory insurance statute in effect declares a minimum standard which must be observed. . . ." <u>Rohlman v. Hawkeye-Security Ins. Co.</u>, 502 N.W.2d 310, 315 n.10 (Mich. 1993). Section 1750.5(J)(2) requires Oklahoma-licensed investigators to carry a minimum amount of insurance coverage. Although the term "compulsory insurance" is frequently applied to mandated coverage for motor vehicles, it is not confined to that use. <u>See</u> <u>MGA Ins. Co.</u>, 1998 WL 758395, at *3 ("[W]e see no indication that Oklahoma treats compulsory insurance requirements mandated as part of a permitting scheme [regarding the retail sale of liquified petroleum] any differently from those imposed for motor vehicle liability coverage. . . ."). Additionally, the fact that

-6-

BOA could have satisfied licensing requirements with a bond, rather than insurance, is of no consequence to the determination. See Halpin v. American Family Mut. Ins. Co., 823 S.W.2d 479, 481 (Mo. 1992); see also Allstate Ins. Co. v. Brown, 920 F.2d 664, 668 (10th Cir. 1990) ("Oklahoma's compulsory liability insurance statutes require that all vehicle owners maintain liability insurance or other authorized security. . . ."). Plainly, the liability insurance policy covering BOA is required under a compulsory insurance statute.

Because of the compulsory nature of the insurance, Capitol is not entitled to rescind its policy as to the Lowes, who are third-party claimants. To the extent that Capitol argues that it has shown entitlement to rescind as to Woods, Hill, and BOA, we note that the district court denied Capitol's motion for summary judgment on this issue. "Denial of [a] summary judgment motion is not properly appealable." Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1103 (10th Cir. 1998).

Finally, we reject Capitol's contention that it had canceled the policy before the Lowes' claims arose. By statute, this policy may not be modified or canceled without prior written notice to CLEET. See Okla. Stat. tit. 59, § 1750.5(J)(4). The statutory requirement is "incorporated into the policy as a matter of law and override[s] any conflicting policy provision." MGA Ins. Co., 1998 WL 758395, *4.

[It is] reasonable to place the notice burden on the [insurance] carrier since it is clearly in the carrier's best interest to give notice. Otherwise the carrier runs the risk of continuing to be liable under the policy. There is also the consideration that the carrier will know exactly when the [cancellation] occurs and can promptly give notice to protect itself, whereas an insured may not be immediately aware of the lapse.

Jarboe v. Shelter Ins. Co., 819 S.W.2d 9, 11 (Ark. 1991).

Here, it is undisputed that CLEET was not notified of Capitol's intended cancellation, by either Capitol or BOA. The district court correctly concluded that the attempted cancellation was ineffective.

## CONCLUSION

For these reasons, we AFFIRM the district court's order granting the Lowes' motion for summary judgment and denying Capitol's motion for summary judgment against the Lowes.

Entered for the Court

David M. Ebel
Circuit Judge

-8-