Shirley HOWELL, Appellee,

v.

**BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, Appellant.**

No. 52335.

Supreme Court of Oklahoma.

April 8, 1980.

Newcombe & Redman, Inc. by J. W. Doolin, Lawton, for appellee.

Nicklas, Saenz & Nicklas, Inc. by Steve Lile, Lawton, for appellant.

HODGES, Justice.

The issues on appeal are: 1) the awarding of attorney fees pursuant to 36 O.S.Supp. 1975 § 1219 [1] after the jury found Blue

---

[1] It is provided by 36 O.S.Supp.1975 § 1219:
"In the administration, servicing or processing of any individual, group or blanket accident and health insurance policy, it shall be an unfair trade practice for any insurer to fail to notify a policyholder in writing of the cause for delay in payment of any claim where said claim is not paid within thirty (30) days after receipt of proof of loss; the notification shall be by certified mail return receipt requested. Failure to provide the insured or the assignee of record with such notification shall be prima facie evidence that the claim will be paid in accordance with the terms of the policy. Provided that in the event litigation should ensue based upon such a claim,

Cross and Blue Shield [appellant-insurer] failed to pay hospitalization costs under the terms of its policy covering the patient; and 2) the failure of the trial court to award attorney fees to Shirley Howell [cross-appellant-patient] for her representation at post-trial hearings and for preparation of this appeal.

I

Shirley Howell [patient] brought suit to recover on a health insurance contract issued by Blue Cross and Blue Shield of Oklahoma [insurer]. The patient had been hospitalized and incurred a hospital bill of $492.50. The claim was assigned to the hospital and the proof of claim was received by the insurer on July 23, 1976. On August 3, 1976, by regular mail, the insurer requested copies of the nurses' notes, doctors' orders and admitting history and physical, to determine whether the case was within the terms of its policy. No notice was sent to the patient or to the hospital that the claim was being denied, and the company has never denied the claim.

The jury, which had to determine that the patient was hospitalized for treatment rather than for diagnostic purposes in order for the policy coverage to apply, returned a verdict for the patient for her hospitalization costs, $492.50.

Following the trial, the patient filed an application to tax court costs of $42.00, $91.19 as expense for the deposition of the patient's medical witness, and attorney fees in the amount of $500.00. Court and deposition costs were awarded to the patient without objection. It was stipulated and

agreed that a reasonable attorney fee was $500.00, if in fact the patient was entitled to any attorney fee, and over the insured's objection, attorney fees were awarded to the patient. The insurer filed a motion for new trial on the issue of whether attorneys' fees should be have been assessed. The motion was overruled, and the insurer appealed seeking a reversal of the trial court's award of attorney fees to the patient in any amount. The patient cross-appealed, alleging that she was entitled to attorney fees for representation at post-trial hearings, which were denied, and for preparation of the appeal.

■ The insurer admits that no notice was sent to the patient, and that it failed to notify the policy holder or the assignee of the reason for the delay; and that notice was not sent by certified mail as required by the statute. However, it asserts that because the proceeds had been assigned [2] to the treating hospital, no notice was required to be given to the patient. There is no dispute that the hospital received the request for additional documentation, therefore, the insurer claims the notice was sufficient. As a general rule, one having actual notice is not prejudiced by, and may not complain of, the failure to receive statutory notice.[3]

■ The statute is clear that it is an unfair trade practice for any insurer to fail to notify a policy holder in writing by certified mail, return receipt requested, *of the cause for delay* in payment of a claim where the claim is not paid within thirty days after the receipt of proof of loss. The

---

the prevailing party shall be entitled to recover a reasonable attorney's fee to be set by the court and taxed as costs against the party or parties which do not prevail."

2. Assignment of health policies is permitted by 36 O.S.1971 § 3624:

"A policy may be assignable or not assignable, as provided by its terms. Subject to its terms relating to assignability, any life or accident and health policy, whether heretofore or hereafter issued, under the terms of which the beneficiary may be changed upon the sole request of the insured, may be assigned either by pledge or transfer of title, by

an assignment executed by the insured alone and delivered to the insurer, whether or not the pledgee or assignee is the insurer. Any such assignment shall entitle the insurer to deal with the assignee as the owner or pledgee of the policy in accordance with the terms of the assignment, until the insurer has received at its home office written notice of termination of the assignment or pledge, or written notice by or on behalf of some other person claiming some interest in the policy in conflict with the assignment."

3. *First Nat'l. Bank v. Oklahoma Savings and Loan Bd.*, 569 P.2d 993 (Okl.1977).

assignment statute, 36 O.S.1971 § 3624, entitles the insurer to deal with the assignee of the policy in accordance with the terms of the assignment.

 Although the request did not state there would be a delay in payment of the claim, the insurer argues that the request for further documentation was notification to the hospital that there would be a delay in payment. It also contends that this sort of request was a usual trade practice and that the hospital understood that the request meant there would be a delay in payment. In *Aetna Insurance Co. v. McLead*, 57 Kan. 95, 45 P. 73, 75, the policy provided for payment within 60 days after receipt of proof of loss. The insurer requested additional documentation and the court held that the time for payment ran from the receipt of the proof of loss; and that the 60 day payment period was not stayed by the fact that additional documentation was required of the insured.[4]

Although the policyholder had assigned the policy to the hospital, the patient was still liable for the hospital bill.[5] Regardless of the assignment, it was the insurer's responsibility to conform to § 1219 by giving notice to the policyholder. In the present case, the insurer did not notify the patient that the claim would not be paid. We find the insurer failed to comply with the statute, and that attorney fees were properly awarded by the trial court.

## II

The patient's attorney claims that he is entitled to additional fees for his representation at post-trial proceedings and for preparation of this appeal. The trial court refused to award attorney fees for post-trial representation because the attorney had stipulated that $500.00 was a reasonable fee for representing the patient, and the court held that the agreement was intended to encompass representation at the trial and post-judgment hearings. No authority is cited by the patient to support her position. We find that the attorney was bound by his agreement and stipulation that $500.00 was a reasonable fee.

Additional preparation by counsel was necessitated because the insurer appealed, which was not contemplated by the parties when the agreement was reached. We, therefore, find that $300.00 should be awarded patient's attorney for his representation on appeal.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

DOOLIN, J., disqualified.

---

4. See also *Hagains v. Government Employees Ins. Co.*, 150 N.J.Super. 576, 376 A.2d 224 (1977).

5. In this instance, the patient paid the bill in full because the insurer refused to pay.