**Dovie S. INGRAM and Roy S. Ingram, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 84142.

Supreme Court of Oklahoma.

Feb. 18, 1997.

Janet Brenan Sherry, Angela R. Hendrix, Steidley & Neal, Muskogee, for Appellee.

W.E. Sparks, Tulsa, for Appellants.

## MEMORANDUM OPINION

HARGRAVE, Justice.

Dovie S. Ingram slipped and fell while shopping in a Wal–Mart store located in Durant, Oklahoma on May 22, 1990. There is no dispute that she was an invitee. She sued Wal–Mart for negligence, and her husband sought damages for loss of consortium. Wal–Mart answered, discovery was conducted, and Wal–Mart filed a motion for summary judgment. Plaintiffs responded, and on July 5, 1994 the trial court heard oral arguments and entered an order dated July 13, 1994 granting Wal–Mart's motion for summary judgment.

Plaintiffs appealed and the Court of Civil Appeals affirmed, finding that plaintiff could not prove the elements of negligence at trial. Plaintiffs assert that this is an incorrect standard because Wal–Mart had not made a showing that there was no controversy as to any material fact. Plaintiffs argue that they had no burden to provide evidence in opposition to the motion for summary judgment until the moving party had shown that no controversy existed as to any material fact.

In its motion, Wal–Mart stated two "uncontroverted facts": 1) that Dovie Ingram could not attest from firsthand knowledge that she fell as a result of toothpicks or debris/contraband on the floor of Wal–Mart's Durant, Oklahoma store, and, 2) that there was no evidence that Wal–Mart created the condition or had notice of toothpicks or debris/contraband on the floor of its Durant, Oklahoma store which caused or contributed to Dovie Ingram's alleged fall. Plaintiff admitted the first fact and disputed the second.

In support of its motion for summary judgment, Wal–Mart offered only some excerpts from the depositions of Dovie Ingram, Darla Ingram and Marvin Ingram. Dovie Ingram testified that she felt something under her foot, but did not know what caused her fall. She testified that a woman who assisted her after her fall stated that there were toothpicks on the floor. Dovie Ingram did not see toothpicks on the floor, did not know how they got there, and did not know whether Wal–Mart knew they were there. Darla Ingram and Marvin Ingram, who are related to Dovie Ingram and accompanied her to Wal–Mart, stated that they saw some wooden toothpicks on the floor where Dovie Ingram fell, but did not know how they got there, how long they had been there, or whether anyone from Wal–Mart knew they were there. Based on this information, Wal–Mart argued that plaintiff would not be able to prove her negligence case because she had not shown that defendant created the dangerous condition or should have known of it.

The trial court erred in granting Wal–Mart's motion for summary judgment. Summary judgment is proper only when pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Skinner v. Braum's Ice Cream Store*, 890 P.2d 922 (Okla.1995). The movant must show that there is no controversy as to any material fact in the case. This was not done in the case at bar, and the grant of summary judgment to Wal–Mart was improper. In *Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682, 685 (Okla.App.1987), approved for publication by the Supreme Court, we said:

> "The trial court must examine the evidentiary materials supporting the motion and if all the material facts are addressed and are supported by admissible evidence, those facts are admitted and judgment for the movant is proper. However, if the movant has not addressed all material facts, or if one or more such facts is not

supported by admissible evidence judgment for the movant is not proper."

The plaintiff, in her petition, alleged negligence on the part of Wal–Mart in failing to maintain their premises. Plaintiff's evidence shows that she fell, that her fall may have been a result of toothpicks on the floor of the aisle and that she does not know whether Wal–Mart knew of the toothpicks. The fact that *plaintiff* does not know what caused her fall, or whether Wal–Mart knew of the toothpicks, is immaterial at this stage. Plaintiff should have the opportunity to prove that Wal–Mart failed to properly maintain the premises. The possibility that plaintiff may not be able, ultimately, to do so does not mean that summary judgment is proper at this time. That is, where Wal–Mart has offered nothing to show that *Wal–Mart did not know of the dangerous condition,* then granting summary judgment to Wal–Mart was improper because a fact question remains whether Wal–Mart failed to properly maintain its premises.

Reasonable persons could differ as to whether Wal–Mart knew or should have known of a dangerous condition, or whether the aisles were checked often enough by Wal–Mart employees. The granting of summary judgment in the face of a crucial question of fact was error. If a motion for summary judgment is not well-taken, even failure of the opposing party to respond to the motion does not mean that the motion must be granted by trial court. *Spirgis v. Circle K Stores, Inc., supra.*

District Court Rule 13(b), 12 O.S. ch. 2, app., provides that all material facts set forth in the statement of the movant for summary judgment, which are supported by admissible evidence, shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence. In the case at bar, Wal–Mart has provided no evidence on a crucial issue in the case and the motion must fail.

**REVERSED AND REMANDED.**

KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS and ALMA WILSON, JJ., concur.

OPALA, J., concurs in result.

WATT, J., dissents.