1998 OK 15

**James HESSER, Appellant,**

v.

**CENTRAL NATIONAL BANK & TRUST COMPANY OF ENID, and Steve Singer, Appellees.**

**No. 87052.**

Supreme Court of Oklahoma.

March 3, 1998.

Rehearing Denied April 15, 1998.

---

Michael M. Blue, Merritt & Rooney, Oklahoma City, for Appellant.

Glenn A. Devoll, McKnight & Gassaway, Enid, for Appellee Central National Bank and Trust Co. of Enid.

Roger L. Johnston, Dennis w. Hladik, Johnston & Hladik, Enid, for Appellee Steve Singer.

HODGES, Justice.

¶ 1   This appeal is from a summary judgment in favor of an attorney in a legal malpractice action and a conservator for negligence for failing to give proper notice in a probate proceeding to the heirs at law and for failing to execute the will of a person subject to a conservatorship before a district judge pursuant to title 84, section 41(B) of the Oklahoma Statutes.[1]

## I.  FACTS

¶ 2   In 1988, Steve Singer (Mr. Singer), an attorney, wrote a will (1988 Will) for Bernice Hesser (Ms. Hesser) wherein Dr. James Hesser (Dr. Hesser), Ms. Hesser's nephew by marriage, was to receive $100,000.  In 1991, Ms. Hesser suffered a fall which precipitated the need for someone to manage her assets.  Consequently, a conservatorship was set up for Ms. Hesser with Central National Bank & Trust Company (Bank) as conservator.

¶ 3   On March 10, 1992, Ms. Hesser decided to amend her 1988 Will.  Mr. Singer prepared a will (1992 Will) for Ms. Hesser. The primary changes in the 1992 Will increased Dr. Hesser's specific bequest from $100,000 to $200,000 and replaced Oklahoma Medical Research Foundation (OMRF) as a residual beneficiary with Dr. Hesser.  When Ms. Hesser died, the residual estate was approximately $1,600,000.  Mr. Singer failed

to have the 1992 Will executed before a district judge as required by title 84, section 41(B) of the Oklahoma Statutes.  After its execution, the 1992 Will was delivered to Bank and placed in Ms. Hesser's safety deposit box.

¶ 4   Ms. Hesser died in November of 1992.  The Bank, as Ms. Hesser's named personal representative, offered Ms. Hesser's 1992 Will for probate on November 20, 1992. Mr. Singer published notice of the hearing to admit the 1992 Will to probate but failed to send notice to all the known heirs at law. The court appointed the Bank as personal representative of Ms. Hesser's estate on December 4, 1992.  The 1992 Will was admitted to probate on the same date.

¶ 5   In June 1992, almost seven months later, OMRF filed a contest to Ms. Hesser's 1992 Will on several grounds, including fraud and undue influence by Dr. Hesser.  On September 15, 1993, the Court granted the Bank's motion to dismiss on grounds that OMRF failed to timely file its contest notice and held the notice had been properly published pursuant to sections 25 and 26 of title 58 of the Oklahoma Statutes.

¶ 6   Even though the heirs at law did not receive written notice of the 1992 Will being admitted to probate, they became aware of the proceedings.  On August 17, 1993, and December 21, 1993, Ms. Hesser's heirs at law filed will contests, asserting lack of notice and failure to have the 1992 Will executed before a judge as required by statute.  The trial court never ruled on these issues because Dr. Hesser, OMRF, and the heirs at law entered into a settlement agreement. Dr. Hesser settled his claims against the estate for about $400,000.  The settlement agreement provided that the parties retained their rights to sue third parties.  The trial court approved the settlement agreement in the final order of distribution.

¶ 7   Dr. Hesser, thereafter, commenced this action against the Bank and Mr. Singer.

---

1.   Okla.Stat. tit. 84, § 41(B) (1991) provides:
    "The appointment of a guardian or a conservator does not prohibit a person from disposing of his estate, real and personal, by will; provided, that when any person subject to a guardianship or conservatorship shall dispose of such estate by will, such will must be subscribed and acknowledged in the presence of a judge of the district court.  Subscribing and acknowledging such will before a judge shall not render such will valid if it would otherwise be invalid."

Dr. Hesser claimed Mr. Singer was negligent in failing to properly execute Ms. Hesser's 1992 Will and, if Ms. Hesser's Will had been properly executed, he would have received not only the $200,000 specific legacy but also $1,600,000 under the residuary clause. Dr. Hesser also maintained Mr. Singer was negligent in failing to properly notify Ms. Hesser's remaining heirs.

¶ 8 Dr. Hesser claimed the Bank acted negligently as conservator and personal representative of Ms. Hesser's estate by failing to determine whether Ms. Hesser had properly executed her 1992 Will. Dr. Hesser further claimed the Bank, as personal representative, was also negligent in notifying the remaining heirs of Ms. Hesser.

¶ 9 The Bank moved for summary judgment, asserting it had no duty to Dr. Hesser, and it had not breached a duty to Ms. Hesser. Alternatively, the Bank argued that it was entitled to summary judgment because the 1992 Will had been admitted to probate and Dr. Hesser's claim was an impermissible collateral attack on the order of the district court sitting in probate. The Bank also argued that because Dr. Hesser had received approximately $491,000 under the settlement agreement, he had derived and accepted benefits under the 1992 Will and was estopped from attacking its validity in the present case. Mr. Singer moved for summary judgment adopting the Bank's position.

¶ 10 The trial court granted the Bank's and Mr. Singer's motions for summary judgment. The Court of Civil Appeals affirmed reasoning that Dr. Hesser could not recover from Mr. Singer because Dr. Hesser had received more than $400,000 as his share of the probate estate under the settlement agreement. Thus, the Court of Civil Appeals reasoned that Dr. Hesser had not sustained any damages as a result of Mr. Singer's alleged negligence and could not recover.

## II. SUMMARY JUDGMENT

¶ 11 Summary judgment is proper when the evidentiary materials establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Okla.Stat. tit. 12, ch. 2, app. 1, rule 12 (1991); *Ingram v. Wal–Mart Stores, Inc.*, 1997 OK 11 ¶ 5, 932 P.2d 1128. There are no issues of material fact regarding the claims against the Bank. Therefore, judgment was proper as to the claims against the Bank. Because there are unresolved material issues of fact, judgment should not have been granted in favor of Mr. Singer.

## III. LIABILITY OF THE BANK

¶ 12 The elements of a claim for negligence are: (1) a duty to the plaintiff, (2) a violation of the duty, and (3) an injury resulting from the violation. *Grover v. Superior Welding, Inc.*, 1995 OK 14, ¶ 5, 893 P.2d 500, 502. The Bank did not have a duty as conservator and personal representative of Ms. Hesser's estate to insure the 1992 Will was executed before a judge of the district court. Under title 30, sections 1–101 through 1–121 and title 58, section 251 of the Oklahoma Statutes, the Bank only had a duty to Ms. Hesser and her heirs to properly manage, preserve, protect and administer the conservatorship estate. The Bank did not have a duty to present the 1992 Will for execution before a judge. Therefore, the Bank did not breach a duty owed to Dr. Hesser. *Matter of Estate of Bartlett*, 1984 OK 9, 680 P.2d 369. Judgment in favor of the Bank is proper on this issue.

## IV. LIABILITY OF MR. SINGER

¶ 13 Oklahoma recognizes that a duty may be created by a contract which is made expressly for the benefit of a third-party non-client beneficiary when harm to the beneficiary is foreseeable. *Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust*, 1982 OK 96, 653 P.2d 188. *See* Okla.Stat. tit. 15, § 29 (1991); *Keel v. Titan Const. Corp.*, 1981 OK 148 ¶ 11, 639 P.2d 1228, 1231. In *Bradford*, this Court found that a plaintiff, a non-client pledgee of a bond, had stated a cause of action against a bond counsel for negligent preparation of a bond opinion. *Bradford*, 1982 OK ¶ 10, 653 P.2d at 191. As stated in *Bradford*,

In an action for injuries caused by the defendant's negligence, it is a jury question whether the injurious consequences resulting from the negligence could have

reasonably been foreseen or anticipated. Foreseeableness becomes a question of law for the court only when one reasonable conclusion can be drawn from the facts. *Id.* at 190.

¶ 14   In *Fretwell v. Protection Alarm Co.,* 1988 OK 84, 764 P.2d 149, the plaintiffs, third-party beneficiaries of a contract, brought suit for negligence arising out of the contractual relationship. This Court found that the contract established a duty to the plaintiffs as third-party beneficiaries.

■   ¶ 15   Then in *Keel v. Titan Construction Corp.,* 1981 OK 148, ¶ 5, 639 P.2d 1228, this Court stated: "A third party beneficiary of a contract may avail himself of its benefits and maintain an action thereon notwithstanding he was a stranger thereto, had no knowledge of the contract, and was not identified therein when it was made if it appears the parties intended to recognize him as a beneficiary." Thus, as a matter of law, it is foreseeable that an intended beneficiary under the terms of a will could be harmed by an attorney's failure to have a will properly executed.

■   ¶ 16   It is uncontested that Mr. Hesser was a third-party beneficiary to the agreement. As part of the agreement between Ms. Hesser and Mr. Singer, Mr. Singer was under "[a] common law duty to perform with care, skill, reasonable expediency, and faithfulness" to have her 1992 Will properly executed. *Fretwell,* 1988 OK 84, ¶ 6, 764 P.2d at 151. It is foreseeable that Mr. Singer's failure to have Ms. Hesser's 1992 Will executed pursuant to title 84, section 41(B) of the Oklahoma Statutes could result in harm to Mr. Hesser as a beneficiary of the Will. However, it is a question for the jury whether Mr. Hesser's settling his claims in the probate proceedings caused his injury or whether Mr. Singer's breach of duty caused Mr. Hesser's injury.

## V.   COLLATERAL ATTACK OF PROBATE PROCEEDINGS

■   ¶ 17   Mr. Singer asserts that even if he had a duty to Dr. Hesser, summary judgment was proper because the present case for liability is an improper collateral attack of the probate court's judgment. The doctrine of issue preclusion bars a party against whom it is being asserted from relitigating the issue when the party was either a party to or in privity with a party to [a] prior action and "the issue subject to preclusion [was] actually adjudicated in a prior case in which the issue was necessary or essential to the outcome." *Carris v. John R. Thomas & Associates, P.C.,* 1995 OK 33, ¶ 11, 896 P.2d 522, 527–528.

■   ¶ 18   Generally, the doctrine of issue preclusion requires an identity of the parties. *Id.* In *Anco Mfg. & Supply Co. Inc. v. Swank,* 1974 OK 78, 524 P.2d 7, this Court allowed the doctrine of issue preclusion, or collateral estoppel, to be applied defensively when the party against whom it was being asserted was a party or in privity with a party to the prior proceedings. The application of the doctrine of issue preclusion requires that the issue in the second action was actually determined in the first action. *Carris,* 1995 OK at ¶ 11, 896 P.2d at 528.

¶ 19   The first element of issue preclusion was met because Dr. Hesser was a party to the probate proceedings. The second question is whether there is an identity of issues and whether the issues were actually adjudicated in the probate proceedings. In the probate of Ms. Hesser's Will, a contest was filed bringing into question the validity of the 1992 Will. The court did not rule on the validity of the 1992 Will and recognized in the decree that the validity of the 1992 Will was at issue resulting in the parties entering into a settlement agreement. Thus, the issue of the validity of the 1992 Will was never decided.

¶ 20   In *Erwin v. Frazier,* 1989 OK 95, 786 P.2d 61, the plaintiff had sued his attorney for negligent handling of his settlement agreement in a divorce proceeding. In a post-decree hearing to determine whether the decree reflected the parties agreement, the judge refused to address whether the decree incorporating the written agreement accurately reflected the consent of the parties. 1989 OK 95, ¶ 8, 786 P.2d at 63. The plaintiff sought damages from the attorney for failing to accurately state the parties

agreement in the written agreement incorporated into the decree. The attorney invoked the doctrine of issue preclusion. This court in *Erwin* found that the judge in the divorce proceeding had not adjudicated the issue of whether the decree accurately reflected the parties agreement. Thus the attorney could not invoke the doctrine of issue preclusion. Likewise, in the present case, the validity of the 1992 Will was never decided in the probate proceedings.

¶ 21 Even if the issue of the validity of the 1992 Will had been adjudicated in the probate proceeding, the issue in the present case is not the same issue. The issues in the present case are but whether Mr. Singer breached a duty owed to Dr. Hesser by failing to have the 1992 Will executed before a judge and whether the breach resulted in injury to Dr. Hesser. The issue of Mr. Singer's negligence was not and could not have been decided in the probate proceedings. Okla.Stat. tit. 58, § 1 (1991). Because the issues in the present case were not the same as in the probate proceedings, issue preclusion is not applicable in the present case.

## VI. NOTICE

¶ 22 Dr. Hesser has not been damaged by Mr. Singer's alleged failure to give proper notice. Even if Ms. Hesser's heirs did not receive notice by mail, the heirs had actual notice of the proceedings and contested the validity of the 1992 Will. Generally, a party with actual notice of the proceedings is not prejudiced by "the failure to receive statutory notice." *Howell v. Blue Cross and Blue Shield of Oklahoma*, 1980 OK 53, ¶ 5, 609 P.2d 1283, 1284. If the party not receiving statutory notice is not prejudiced, it is difficult to see how Dr. Hesser has been damaged. Because the parties who failed to receive statutory notice received actual notice, Dr. Hesser was put in the same position as if the parties had received statutory notice. Judgment was proper regarding this issue.

## VII. CONCLUSION

¶ 23 The Bank, as conservator of Ms. Hesser's estate, did not owe a duty to Dr. Hesser to have Ms. Hesser's 1992 Will executed before a judge. However, Mr. Singer's duty to have the 1992 Will properly executed extended to Dr. Hesser as an intended beneficiary of Will.

¶ 24 There is a genuine fact issue as to whether Dr. Hesser suffered damage from Mr. Singer's negligence given his settlement of the probate litigation. The doctrine of collateral estoppel is not applicable to the present case. Dr. Hesser has failed to show any injury from Mr. Singer's alleged failure to give proper notice in the probate case.

¶ 25 The trial court's judgment exonerating the Bank of its liability for the failure to have the 1992 Will executed before a judge is free from error. It was error to render judgment freeing Mr. Singer from liability for failing to have the 1992 Will executed before a judge.

¶ 26 The opinion by the Court of Civil Appeals is accordingly vacated. The judgment for the Bank is affirmed. Insofar as it exonerates Mr. Singer of liability for failure to give proper notice in the probate case, the judgment is also affirmed. The judgment for Mr. Singer is reversed insofar as it frees him of liability for failing to have the 1992 Will executed before a judge. Cause is remanded for further proceedings not inconsistent with this opinion.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; JUDGMENT OF TRIAL COURT AFFIRMED IN PART, REVERSED IN PART; REMANDED.

¶ 27 KAUGER, C.J., HODGES, LAVENDER, OPALA, and WATT, JJ., concur.

SUMMERS, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, JJ., concur in part; dissent in part.

SIMMS, Justice, concurring in part and dissenting in part:

¶ 1 I must respectfully dissent from the majority opinion insofar as it reverses the trial court's summary judgment granted in favor of Mr. Singer. I agree with the view of the Court of Appeals that Dr. Hesser suf-

fered no damage by reason of Mr. Singer's actions and therefore presented no cognizable cause of action against him. It was the settlement agreement into which Dr. Hesser voluntarily entered that caused the loss he complains of here; he was not harmed by Mr. Singer's actions, negligent or otherwise.

¶ 2 Ms. Hesser's will was admitted to probate in November, 1992. Such a judgment or decree by a court is conclusive as to the validity of the will and the judgment stands as final if it is not modified or revoked on a direct proceeding by a contest brought within three months or reversed on appeal. See, 58 O.S.1991, §§ 61, 67. In June, 1993, OMRF's contest to the will was dismissed by the trial court as untimely and the court also held that notice had been properly published to the heirs, legatees and devisees pursuant to 58 O.S.1991, §§ 25, 26. The will contests filed by decedent's heirs at law in August and December, 1993, were never ruled on by the trial court because Dr. Hesser entered into the settlement agreement with those heirs and released his claim to the estate for some $400,000.00. The trial court approved that agreement in the final order of distribution of Ms. Hesser's estate and found that decedent had died testate.

¶ 3 It is easy to understand why Dr. Hesser believed at that time that he was facing "catastrophic litigation consequences" because of Mr. Singer's failures to follow the probate statutes and therefore his only reasonable course would be to enter into a compromise settlement with the heirs and OMRF, the residuary beneficiary under the first will. It was not unreasonable for Dr. Hesser to think that even though the heirs were out of time they would prevail on their complaint about Mr. Singer's failure to give statutory notice and that they would then be allowed to appear and challenge the validity of the second will for improper execution. He naturally feared that challenge would be successful and result in the loss of his specific legacy and receipt of the residuary estate.

¶ 4 The surprise, of course, is that in spite of the seemingly insurmountable defects in the will and the notice procedure, Dr. Hesser has won on all the probate lawsuit issues. Under the reasoning of today's opin-

ion he has prevailed on every issue concerned and, but for the settlement agreement, he would have taken his legacy and the entire residuary estate. This Court finds that the heirs had actual notice of the proceedings, that they contested the validity of the proceedings and were therefore not prejudiced by Mr. Singer's failure to give statutory notice. Importantly, it also finds that Dr. Hesser, in turn, suffered no prejudice and was put in the same position as if the heirs had received statutory notice. Accordingly, the Court holds that the trial court's judgment in favor of Mr. Singer on this issue was proper and should be affirmed.

¶ 5 The Court fails to recognize, however, that this decision is determinative of the issues before us in the instant case. The result of its holding is that the heirs' contests of the will were untimely and therefore the improper execution of the will could not have been raised by the heirs and could not have prevented Dr. Hesser from recovering under the will. By implication, the opinion holds the heirs were jurisdictionally unable to have appeared in the probate action. They could not have challenged the validity of the 1992 will at the time of the settlement—nor can they or Dr. Hesser complain of it now—because the time limits of 58 O.S.1991, § 67 are a limitation on the power of the court to hear and determine a challenge to a will. The statutory lapse of time provision extinguishes the right of a contestant to challenge a will's admission and the "opportunity to bring a post-probate will contest is irretrievably lost unless the quest for relief be brought within the specific period provided in § 67." *In the Matter of the Estate of Speake,* 1987 OK 61, 743 P.2d 648, 652. See also *Matter of Estate of Mouse,* 1993 OK 157, 864 P.2d 1284 (Okla.1993); *In re Estate of Redwine,* 445 P.2d 275, 278 (Okla.1968); *Mayweather v. Wallace,* 195 Okl. 587, 159 P.2d 529 (1945).

¶ 6 The majority's remand for a determination of injuries suffered by Dr. Hesser as a result of Mr. Singer's failure to execute the will is therefore inherently inconsistent. That issue no longer exists in this litigation since this Court has concluded that there were no defendants in the probate litigation

at the time of the settlement agreement who could have raised the issue of the invalidity of the will and thereby caused Dr. Hesser to be injured by an adverse ruling. All the contestants' objections to the validity of the will were then time barred: the trial court had previously dismissed OMRF because its contest was untimely and the heirs were also out of time—and have now been so held by this Court.

¶7 Dr. Hesser settled his claim against the estate *after* the will was admitted to probate, *after* the period of timely filing of contests by OMRF *and the heirs at law* had *passed* and *before* he had been denied any distribution under the duly admitted will. Today's decision leaves no doubt that Dr. Hesser's injury resulted from his decision to enter into the settlement agreement, not from Mr. Singer's actions. In retrospect it is clear that Dr. Hesser should have stayed in the probate litigation and pursued his remedies with the trial court and appealed to this Court if that had been necessary.

¶8 In its opinion this Court has created a cause of action recognizing the potential liability of an attorney to a non-client beneficiary in a will contest. It is somewhat unclear to me whether the Court intends this action to be in contract or in tort or a hybrid, but, in any event, in the absence of some damage suffered by this plaintiff, no cognizable action should lie here. That being so, the Court's creation of this action is mere dicta and, in my opinion, its reversal of the trial court is erroneous and ill-advised and I therefore dissent.

I am authorized to state that Justice Hargrave joins with me in the views expressed herein.