2000 OK CIV APP 5

Beth Ann **WHITEHEAD,** as Executrix of the Estate of Colleen Whitehead, an individual and as a representative of Unknown Members of the Class; Fred Blaylock, an individual and as representative of Unknown Members of the Class; and Barney Taylor, an individual and as a representative of Unknown Members of the Class, Plaintiffs/Appellants,

v.

**RAINEY, ROSS, RICE & BINNS,** an Oklahoma legal partnership; and Gardner, Carton & Douglas, an Illinois legal partnership, Defendants/Appellees.

No. 92,663.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 3, 1999.

As Corrected Sept. 8, 1999.

Certiorari Denied Dec. 15, 1999.

Reuben Davis, Frederic N. Schneider III, Boone, Smith, Davis, Hurst and Dickman, Tulsa, Oklahoma, for Appellants.

Joel L. Wohlgemuth, Thomas M. Ladner, Norman & Wohlgemuth, Tulsa, Oklahoma, for Appellee, Rainey, Ross, Rice & Binns.

Burck Bailey, Eric Eissenstat, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, for Appellee, Gardner, Carton & Douglas.

## OPINION

JOPLIN, J.:

¶ 1 Plaintiffs/Appellants Beth Ann Whitehead, executrix of the estate of Colleen Whitehead, along with Fred Blaylock and Barney Taylor, individuals and as representatives of unknown members of a class (individually by name, or collectively, Plaintiffs), seek review of the trial court's order granting the motion to dismiss of Defendants/Appellees Rainey, Ross, Rice & Binns and Gardner, Carton & Douglas (Defendants or Attorneys) in Plaintiffs' action against Attorneys for professional negligence. Finding no reversible error in the trial court's order, however, we affirm.

¶ 2 Plaintiffs are employees or former employees of Oklahoma Gas & Electric (OG & E). In 1994, as part of a corporate-wide reorganization and upon consultation with Attorneys, OG & E offered eligible employees an early retirement window program (hereinafter, ERW) with enhanced retirement benefits,[1] in consideration for which employees gave up their right to receive benefits under OG & E's standard Retirement Plan.

¶ 3 Later that same year, Whitehead commenced an action in Creek County District Court against OG & E, the OG & E Retirement Plan, and the members of the Plan committee to obtain a temporary restraining order prohibiting OG & E from closing the option period on the ERW offering until a hearing on the merits of the ERW offering and the objections thereto[2] could be held. Subsequently, Attorneys Rainey, Ross, Rice & Binns, as OG & E's attorneys, removed the lawsuit to federal court; Attorneys Gardner, Carton & Douglas joined the OG & E defense team, and Blaylock and Taylor joined as party-plaintiffs. This suit proceeded as an action for damages under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 et seq. (ERISA), for which jurisdiction is vested in the federal courts.

¶ 4 In 1997, Plaintiffs commenced the instant action against Attorneys in Creek County District Court, alleging Attorneys' professional negligence in rendering legal advice and services to OG & E regarding OG & E's retirement plans. After removal to federal court, remand back to Creek County District Court,[3] and transfer to Oklahoma County District Court, Attorneys moved to dismiss. The trial court granted the motion to · dismiss, finding that no attorney-client relationship existed between Plaintiffs and Attorneys upon which to base a malpractice action, and/or in the alternative, that the statute of limitations barred Plaintiffs' claim. Plaintiffs appeal, and the case stands submitted on the trial court record.[4]

¶ 5 A petition should not be dismissed for failure to state a claim under 12 O.S. § 2012(B)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See, e.g., Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. "A petition can

---

1. Eligible employees of OG & E electing to participate in the ERW received, for purposes of retirement, credit for additional years of service, credit for additional years of age in benefits calculations, and an additional $500.00 per month for five years or until age 60, whichever occurred first.

2. These objections included OG & E's failure to credit Class with total years of employment notwithstanding breaks in service for purposes of the ERW plan; use of ERW plan assets as consideration for release of OG & E for liability under the regular OG & E Retirement Plan; and improper use by OG & E of sums recouped from ratepayers which were not contributed to a plan.

3. The federal court found no federal question, i.e., violation of ERISA, implicated in Plaintiffs claims against Attorneys, consequently no federal court jurisdiction over the controversy, and remanded Plaintiffs' remaining state claims for professional negligence back to the Creek County District Court.

4. See, Rule 4(m), Rules for District Courts, 12 O.S. Supp. 1993, Ch.2, App., and Rules 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp. 1997, Ch. 15, App.

generally be dismissed only for lack of any cognizable legal theory or for insufficient facts under a cognizable legal theory." *Id.*

¶ 6 The elements of a professional negligence claim against an attorney are (1) existence of an attorney-client relation, (2) a breach of duty arising from the relation, and (3) injury proximately caused by the breach. See, e.g., *Myers v. Maxey*, 1995 OK CIV APP 148, 915 P.2d 940; *Erwin v. Frazier*, 1989 OK 95, 786 P.2d 61; *Allred v. Rabon*, 1977 OK 216, 572 P.2d 979. Failure of any one of the elements renders such a claim subject to dismissal. See, e.g., *Haney v. State*, 1993 OK 41, ¶¶ 4, 18, 850 P.2d 1087, 1089, 1092 (on interlocutory appeal from trial court's order denying motion to dismiss professional negligence claim, held, no attorney/client relationship existed and order of trial court reversed/remanded with instructions to dismiss.)

¶ 7 In the petition below, Plaintiffs alleged as their primary claim existence of an attorney/client relationship between them and Attorneys, and Attorneys' duty to Plaintiffs both to zealously advocate and protect Plaintiffs interests, and to refrain from advising or representing OG & E adversely to or in conflict with Plaintiffs' interests. Plaintiffs further alleged Attorneys specifically breached these duties to Plaintiffs in that Attorneys' advice to OG & E regarding the ERW offering resulted in OG & E's denial of (1) Plaintiffs' opportunity to challenge the ERW provisions giving employees no credit for additional years of employment interrupted by a break in service as in the standard OG & E Retirement Plan; (2) Plaintiffs' opportunity to negotiate a provision granting credit for additional years of service; and (3) an extension of Plaintiffs' election period for the ERW option in order to resolve the additional years issue.

¶ 8 In support of these allegations, and in opposition to Attorneys' motion to dismiss, Plaintiffs relied on several federal court decisions argued to establish that the employee/participants in an employer-provided retirement plan were in fact clients of the attorney(s) who advised the employer concerning the various aspects of the retirement plan. See, e.g., *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631 (5th Cir.1992); *United States v. Evans*, 796 F.2d 264 (9th Cir.1986); *Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494 (D.Conn. 1985); *Washington–Baltimore Newspaper Guild v. Washington Star Co.*, 543 F.Supp. 906 (D.D.C.1982); *Rock v. Unum Life Ins. Co. of America*, 167 F.R.D. 88 (D.Col.1996). Thus, argued Plaintiffs, because Plaintiffs were Attorneys' clients, Attorneys' advice to and representation of OG & E concerning OG & E's retirement plans gave rise to an immediate conflict of interest violative of Attorneys' duty to Plaintiffs.

¶ 9 Having reviewed the federal cases, however, we find those authorities of no support to Plaintiffs claims. That is, each of those cases dealt with attempted discovery by employee/retirement plan beneficiaries of communications between their employer/retirement plan administrator and the attorney(s) advising the employer/plan administrator, primarily in ERISA cases, concerning plan administration. In those situations, the courts reasoned that because the employer, as retirement plan administrator, owed fiduciary duties to its employees, as beneficiaries of the retirement plan, regarding employment benefits, an attorney who advised the employer concerning the employer's fiduciary duties with regard to administration of the employer's retirement plan did so for the benefit of the employees. Consequently, those cases held that an employer could not deny employees discovery of attorney/employer communications concerning administration of the employer's retirement plan as protected, privileged attorney/client communications.

¶ 10 In this regard, we find no authority, nor do Plaintiffs cite any, for the proposition that an attorney's advice to or representation of an employer/retirement plan administrator gives rise to an attorney/client relationship between that attorney and the employee/plan beneficiaries for purposes other than discovery. Stated otherwise, the federal courts have employed the legal fiction of an attorney/client relationship only to avoid and overcome assertions of the attorney/client privilege by employer/administrators where employee/beneficiaries seek discovery of information concerning adminis-

tration of the employer's retirement plan. See, *In re Long Island Lighting Co.,* 129 F.3d 268 (2nd Cir.1997).

¶ 11 Moreover, all the cases cited by Plaintiffs dealt with application of the attorney/client privilege to permit discovery of an attorney's advice to the employer regarding only administration of the plan. In cases dealing with discovery of attorney/employer communications concerning functions other than plan administration—that is, plan design, implementation, termination, or amendment—the courts have held that no attorney/client relationship between an employer/plan administrator's attorney(s) and the employee/beneficiaries arises, and that the attorney/client privilege applies to communications between the employer/plan administrator and the employer's attorney concerning matters other than plan administration as to preclude discovery of communications concerning plan design, implementation, termination, or amendment by the employee/plan beneficiaries. See, *Mason Tenders Dist. Council Pension Fund v. Messera,* 958 F.Supp. 869 (S.D.N.Y.1997); *In re Long Island Lighting Co.,* 129 F.3d at 268.

¶ 12 Given the limited scope of these cases, and absent any other authority recognizing existence of an attorney/client relationship between an employer/plan administrator's attorney and employee/beneficiaries of employer's retirement plan for purposes of establishing a professional negligence claim by employee/beneficiaries directly against the employer/plan administrator's attorney, we refuse to extend the rationale of the above-cited authorities to establish existence of such an attorney/client relationship and claim in the present case. Since the allegations of Plaintiffs' first and second causes of action aver Attorneys' duty to zealously advocate and protect Plaintiffs' interest as a result of a direct attorney/client relationship between Plaintiffs and Attorneys, and as we find no attorney/client relationship between Plaintiffs and Attorneys on which to premise such a duty, we conclude the trial court did not err in dismissing Plaintiffs' first and second causes of action.

¶ 13 In the alternative, Plaintiffs asserted that "Oklahoma recognizes that a duty may be created by a contract which is made expressly for the benefit of a third-party non-client beneficiary when harm to the beneficiary is foreseeable," and that "it is a jury question whether the injurious consequences resulting from the negligence could have reasonably been foreseen or anticipated." *Hesser v. Central National Bank & Trust Company of Enid,* 1998 OK 15, ¶ 13, 956 P.2d 864, 867–868; *Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust,* 1982 OK 96, ¶ 10, 653 P.2d 188, 190; *Keel v. Titan Const. Corp.,* 1981 OK 148, ¶ 11, 639 P.2d 1228, 1230. Under these authorities, Plaintiffs in essence asserted that Attorneys negligently advised OG & E concerning the terms of the ERW with foreseeably injurious consequences to Plaintiffs, i.e., resulting in an ERW offer of benefits different from the standard Retirement Plan, particularly with regard to the credit for interrupted years of service granted by the standard Retirement Plan but withheld from the ERW, the allegations of which stated an actionable claim for relief against Attorneys.

¶ 14 In *Hesser,* the Supreme Court held that "[a]s part of the agreement between [testatrix] and [attorney], [attorney] was under '[a] common law duty to perform with care, skill, reasonable expediency, and faithfulness' to have her 1992 Will properly executed," and that "[i]t [was] foreseeable that [attorney's] failure to have [testatrix'] Will executed pursuant to [statute] could result in harm to [plaintiff] as a beneficiary of the Will." 1998 OK 15, ¶ 16, 956 P.2d at 868. The Supreme Court consequently concluded that where the defendant attorney failed to obtain execution of testatrix' will pursuant to 84 O.S. § 41(B) and plaintiff/will-beneficiary arguably suffered foreseeable harm as a result, summary judgment for the defendant/attorney should be reversed.

¶ 15 In *Bradford Securities Processing Services, Inc.,* the Supreme Court held on a certified question if the defendant attorney should reasonably have foreseen potential third-party injury, but "fails to exercise the care that an ordinarily prudent person should have exercised under the circum-

stances, he is liable for the injuries [the third-party] suffered as a result of [his] negligence." 1982 OK 96, ¶¶ 10–11, 653 P.2d at 191. The Supreme Court consequently held that the third-party allegations of an attorney's negligent preparation of a bond opinion on which a third-party would or did foreseeably rely to third-party's damage stated an actionable claim for relief by the third-party against the attorney.

¶ 16 Having reviewed these authorities, however, we find no support for Plaintiffs' claims. As we analyze *Hesser* and *Bradford*, both of those cases premise potential third-party liability of attorneys on allegations of a clear, actionable breach of the duty of ordinary care by an attorney to his/her client which, foreseeably harming a third-party, gives rise to an additional duty of care imposed on the attorney to avoid such third-party harm. To construe *Hesser* and *Bradford* otherwise would mean that in no case in which an attorney's advice to his/her client, although proper and legal, might potentially harm some third party, could an attorney advise his/her client at all for fear of inviting third-party liability, thereby in our opinion totally emasculating the duty of an attorney to legally, properly and zealously advise and represent his/her clients, a result in our opinion not within the contemplation of the *Hesser* and *Bradford* decisions.

■ ¶ 17 In this particular, Plaintiffs' remaining allegations, i.e., other than those asserting a direct attorney/client relationship with Attorneys of which we have previously disposed, aver Attorneys "fail[ed] to give proper legal advice to OG & E, the OG & E Retirement Plan and the OG & E Retirement Plan Committee that Plaintiffs were entitled to enhanced benefits under the ERW," "fail[ed] to give appropriate legal advice concerning the prohibition against using plan assets as sole consideration of the release," and "g[ave] negligent advice and legal services" pertaining to Plaintiffs' entitlement, for ERW purposes, to credit for interrupted years of service in accord with that benefit under OG & E's standard retirement plan. However, Plaintiffs point to no authority—statutory,[5] contractual[6] or otherwise—arguably establishing that Attorneys' advice concerning either constitution of the ERW package of benefits different from that of the standard Retirement .Plan, or financing of the ERW package from released funds of the standard Retirement Plan, might in any way be considered in breach of Attorneys' duty to its clients, OG & E, the OG & E Retirement Plan and the OG & E Retirement Plan Committee. Applying the *Hesser* and *Bradford* rationale as we have construed it, and absent some allegation of a clear, actionable breach of duty by Attorneys to OG & E, the OG & E Retirement Plan or the OG & E Retirement Plan Committee, we find Plaintiffs have stated no actionable *Hesser* and *Bradford* third-party claim against Attorneys.[7]

¶ 18 We consequently hold the trial court did not err in dismissing Plaintiffs' petition. The order of the trial court dismissing Plaintiffs' petition is accordingly AFFIRMED.

GARRETT, J., and BUETTNER, P.J., concur.

---

**5.** To the extent Plaintiffs allegations might be construed as alleging that Attorneys' advice violated some provision of federal law, i.e., ERISA, the federal court has already ruled on that question. *See*, footnote 3, *supra.*

**6.** Plaintiffs invoke no provisions of OG & E's terms of employment or the standard Retirement Plan as establishing the "entitlements" which Attorneys' advice concerning constituency of the ERW allegedly deprived them, or proscribing use of otherwise unallocated Retirement Plan funds to finance the ERW.

**7.** In their "Third Cause of Action," Plaintiffs alleged Attorneys "were grossly and recklessly negligent in their rendering of legal advice affecting Plaintiffs." However, if the underlying allegations do not establish an ordinary negligence claim, there obviously can be no claim for gross negligence.