2009 OK CIV APP 78

**Jose GONZALEZ, Personal Representative of the Estate of Jesus Chavez Olvera, Deceased, Plaintiff/Appellant,**

v.

**DUB ROSS COMPANY, INC., a Domestic for Profit Business Corporation, Defendant/Appellee.**

No. 107,274.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 4, 2009.

Larry D. Muse, Law Offices of Joe Farnan, Purcell, OK, for Plaintiff/Appellant.

Mort Goodwin Welch, Welch & Smith, P.C., Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 Krista O'Neal filed a claim in the Workers' Compensation Court against D & H Utilities Construction Company for compensation benefits as a result of the death of Jesus Chavez Olvera, (Decedent). She alleged therein she was the surviving common-law wife of Olvera.

¶2 During the course of the workers' compensation proceeding, Plaintiff herein, Jose Gonzalez, was appointed personal representative of the estate of Decedent in a probate action in McClain County. He was held to be the proper party to pursue the workers' compensation claim. He appeared therein.

¶3 Decedent had three children. The Workers' Compensation Court awarded benefits to the children but found O'Neal was not Decedent's common-law wife and thus

not entitled to workers' compensation benefits. Pursuant to a Petition for Review, the Court of Civil Appeals sustained the workers' compensation order and the Oklahoma Supreme Court denied certiorari.

¶ 4 Gonzalez, and through him O'Neal, filed the present action in Cleveland County against Defendant, Dub Ross Company, seeking damages for the wrongful death of Decedent alleging vicarious liability for negligence of its employee. He alleged employees of Ross were delivering a load of metal pipe to D & H worksite. Ross's employee released the chain holding the load of pipe on the truck. The pipe struck Decedent, fatally injuring him. The petition alleged Decedent was survived by three children and a common-law wife, Krista O'Neal.

¶ 5 Ross filed a general denial and answer. It filed a motion for partial summary judgment pointing out Gonzalez could not recover damages as the result of Decedent's death for the benefit of O'Neal. The lack of status of her claim as a common-law wife had been previously determined by the compensation court's order. Thus, O'Neal was collaterally estopped from asserting she was the surviving spouse of Decedent.

¶ 6 Plaintiff responded by arguing the proper court to determine Decedent's heirs was the still pending action in the probate court in McClain County.[1] He further points out Defendant was not a party to the workers' compensation action and thus is precluded from relying on issue preclusion as an affirmative defense, citing *Nealis v. Baird,* 1999 OK 98, 996 P.2d 438.

¶ 7 In *Nealis,* the defendants contended that by the verdict in their favor in the plaintiffs' personal injury action, the jury absolved them of any negligence in connection with the plaintiff's prenatal care. They argued that under the doctrine of issue preclusion/collateral estoppel, the personal injury judgment, if affirmed, barred any further proceedings against them on the wrongful death claim because the latter claim is based on the same acts of negligence as the former. The defendants urged the Supreme Court to rule on their preclusion plea in the event the verdict in their favor on the personal injury claim was affirmed. Although the Court did affirm the judgment for the defendants on the personal injury claim, it declined to pass on whether that judgment barred further proceedings on the plaintiffs' wrongful death claim.

¶ 8 In the present action, the trial court granted partial summary judgment for Defendant on the issue of the status of Ms. O'Neal as Decedent's common-law-wife, and certified that issue for immediate appeal. We affirm.

¶ 9 In *Anco Manufacturing & Supply Company, Inc., v. Swank,* 1974 OK 78, 524 P.2d 7, the Oklahoma Supreme Court held an adjudication in favor of a widow that her husband was not acting as an employee of Anco at the time he sustained fatal injuries, barred her workers' compensation claim for death benefits against Anco, even though her district court judgment was against a third party.

¶ 10 The Court in *Anco* quoted portions of an annotation at Annot., 31 A.L.R. 3d 1044 entitled *Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment.* It stated:

> * * * *as a general proposition, a judgment can operate as collateral estoppel only where all the parties to the proceeding in which the judgment is relied upon were bound by the judgment. The rule abandoning in whole or in part the requirement of mutuality of estoppel is sometimes referred to as the 'nonmutuality rule' or the doctrine of unilateral estoppel. The phrase 'defensive use' of the doctrine of collateral estoppel means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense. On the other hand, the phrase 'offensive use' or 'affirmative use' of the doctrine means that a

---

1. Because we here hold O'Neal has no standing to argue again her status as the common-law wife of Decedent in that a court has already decided she is not the common-law wife of Decedent, she could not be a statutory heir.

stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim. In other words, defensively a judgment is used as a 'shield' and offensively as a 'sword.'

¶ 11 The only issue presented in *Anco* was whether the doctrine of collateral estoppel (issue preclusion) could be applied defensively. The Court held it could see no legal or logical reason why it should not apply therein. *Anco* applied the doctrine of nonmutuality to an action in the workers' compensation court to preclude the retrial of an issue decided in a district court case.

¶ 12 In *H.L. Hutton & Co. v. District Court of Kay County*, 1965 OK 9, 398 P.2d 530, the Supreme Court allowed issue preclusion as a defense in a district court case where the issue of whether a man was an employee had been previously decided in a workers' compensation action. "Where a claimant filed a claim for compensation before the State Industrial Court and after notice and hearing the Court denied compensation upon the ground that claimant was not an employee of the respondents, and such finding and order has become final, it is binding upon the State Industrial Court in any subsequent proceeding for the same injury and *is likewise binding upon* the District Court in a subsequent action by the employee for damages for the same injuries." (Emphasis supplied) Syllabus by the Court.

¶ 13 The doctrine of issue preclusion requires that the issue in the second action was actually determined in the first action. *Hesser v. Central National Bank & Trust Company*, 1998 OK 15, 956 P.2d 864. Clearly the issue in question, was and is, whether Krista O'Neal was Decedent's common-law wife. It was decided by the Workers' Compensation Court and affirmed by the appellate courts that she was not. Ms. O'Neal is precluded from relitigating this issue of fact even though Ross was not a party to the workers' compensation action. Ms. O'Neal had a full and fair opportunity to litigate the critical issue of her status as the common-law wife of Decedent.

¶ 14 This holding in no way decides whether the parties must be identical if issue preclusion is used offensively.

AFFIRMED.

MITCHELL, C.J., and JOPLIN, J., concur.