1998 OK 97

**William L. LEFTHAND, Appellant,**

v.

**CITY OF OKMULGEE, Oklahoma, Appellee.**

No. 91,367.

Supreme Court of Oklahoma.

Oct. 6, 1998.

As Corrected Oct. 29, 1998.

Edwin W. Ash, Stan K. Bearden, The Ash Law Firm, Tulsa, for Appellant.

John H. Lieber, Shanann Pinkham Passley, Eller and Detrich, Tulsa, for Appellee.

HODGES, J.

¶ 1 The dispositive issue in this appeal is whether a police officer's decision, concerning the safest time and place to initiate a traffic stop, proximately caused a fleeing vehicle to crash into a house. This Court holds that the officer's decision did not cause the crash and thus his employer is entitled to judgment as a matter of law.

¶ 2 The facts of this case are not in dispute. Appellant, William Lefthand (Passenger), was injured when the car in which he was a passenger crashed into a house after fleeing from the police. The incident began when the driver of the car ran a stop sign and almost hit a police car driven by officer Jonathan Keim of the Okmulgee Police Department. The driver then drove away slowly and erratically into a Taco Mayo parking lot and into the drive—up lane. The officer pulled in behind him suspecting that the driver was under the influence of alcohol or drugs. When the officer ran the tag on the car it came back expired and improperly displayed. Out of concern for public safety and pursuant to his training, the officer waited until the car left the drive—up lane before attempting to initiate the traffic stop. When the car left the drive—up lane, the officer turned on his overhead lights. The car failed to pull over. The officer then turned on his siren and the car sped away, reaching speeds of 90—100 miles per hour. The car continued to flee for several miles and ran a road block. The driver eventually lost control and the car crashed into a house. Both the driver and Passenger were injured.

¶ 3 Passenger brought an action against the City of Okmulgee (City) alleging that the officer negligently caused his injuries. Specifically, Passenger asserted that the officer breached a legal duty to initiate the traffic stop at the earliest possible opportunity, when the car ran the stop sign.

¶ 4 The City moved for summary judgment arguing that even if such a duty existed, the officer's decision concerning the timing of the traffic stop did not proximately cause the collision that injured Passenger. The trial court granted the City's motion and Passenger brought this appeal.

¶ 5 At the outset, it should be noted that this Court's determination concerning causation makes it unnecessary to determine whether the officer owed Passenger a duty to initiate the traffic stop at the earliest opportunity. "Failure to establish that the defendant's negligence was the proximate cause of the harmful event is fatal to the plaintiff's

claim." *Thompson v. Presbyterian Hospital, Inc.,* 652 P.2d 260, 263 (Okla.1982). In addition, the lack of proximate cause makes it unnecessary to discuss application of the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151–200 (1991 & Supp.1997).

■ ¶ 6 "Summary judgment is proper when the evidentiary materials establish that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hesser v. Central National Bank and Trust Co. of Enid,* 956 P.2d 864, 867 (Okla.1998). *See also Ingram v. Wal-Mart Stores, Inc.* 932 P.2d 1128, 1129 (Okla. 1997); Okla. Stat. tit. 12, ch. 2, app., rule 13 (Supp. 1993). When the evidentiary materials presented by the parties offer no controversy as to any material fact, the decision whether to grant summary judgment is a purely legal determination reviewed *de novo. Carmichael v. Beller,* 914 P.2d 1051, 1053 (Okla.1996).

■ ¶ 7 As a general rule the question of proximate cause is a question of fact for the jury. *Thompson,* 652 P.2d at 263. However, the question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a jury could reasonably find a causal connection between the allegedly negligent act and the injury. *Id.*

■ ¶ 8 The causal connection between an allegedly negligent act and an injury can be broken by a supervening cause which breaks the causal connection between the defendant's negligence and the injury. *Id.* at 264. In such an instance, any original negligence is deemed a remote cause or mere condition. *Id.* Generally, the act of a third person in committing an intentional tort or crime is a supervening cause which relieves the initial negligent actor from liability for resulting harm or injuries. *See Graham v. Keuchel,* 847 P.2d 342, 349 (Okla.1993) (third person's intentional tort is supervening cause of harm that results, even if actor's negligent conduct created situation that presented opportunity for tort to be committed, unless actor realizes or should realize likelihood that third person might commit tortious act). *See also Lockhart v. Loosen,* 943 P.2d 1074, 1080

(Okla.1997) (person is not generally deemed liable at common law for third party's deliberate act). A true supervening cause acting to insulate the defendant from liability must satisfy a three-prong test: (1) it must be independent of the original act, (2) it must be adequate of itself to bring about the result, and (3) it must not have been a reasonably foreseeable event. *Minor v. Zidell Trust,* 618 P.2d 392, 394 (Okla.1980).

■ ¶ 9 Passenger asserts that the injury occurred because of the officer's failure to make a stop after the initial traffic violation. However, the driver's flight was independent of the officer's timing of the traffic stop and it was adequate by itself to bring about Passenger's injury. In addition, it was no more "foreseeable" that the driver of the vehicle would flee after having been observed at the drive-up window than at the time he initially ran the stop sign. Traffic laws require an operator of a motor vehicle to pull over when a police officer flashes red lights and sounds a siren behind the vehicle. Okla. Stat. tit. 21, § 540A(A) (1991 & Supps. 1996 & 1998). Nothing in the officer's choice of when to stop the car made it more likely or less likely that the driver would flee.

¶ 10 The officer's decision, based on concerns for the public safety, to delay pulling the vehicle over until after it left the Taco Mayo drive-up lane merely furnished a condition by which the injury was possible. It was the subsequent independent criminal act of the driver in fleeing the officer that caused the injury. The trial court did not err in granting summary judgment to the City.

AFFIRMED.

¶ 11 KAUGER, C.J., SUMMERS, V.C.J., LAVENDER, HARGRAVE, OPALA, ALMA WILSON, WATT, JJ., concur.

¶ 12 SIMMS, J., concurs in judgment.