**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TERRY RICHARDSON,

      Plaintiff-Appellant,

v.

SOUTHEASTERN ELECTRIC
COOPERATIVE OF DURANT,
OKLAHOMA, a corporation; METT
BROTHERS, INCORPORATED,

      Defendants-Appellees.

No. 98-7033
(D.C. No. 97-CV-186-B)
(E.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

In this diversity action, Terry Richardson appeals the district court's

summary judgment dismissal of his complaint alleging that defendants'

negligent electrical equipment and service caused a fire which destroyed his

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

home.[1]  Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  A federal court sitting in diversity applies the substantive law of the forum state.  *See Farmers Alliance Mut. Ins. Co. v. Salazar*, 77 F.3d 1291, 1294 (10th Cir. 1996) (applying Oklahoma law).  Therefore, we apply the substantive law of Oklahoma.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (further quotation omitted). We examine the factual record and the inferences reasonably drawn from the facts in the light most favorable to the party opposing summary judgment.  *See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kaul*, 83 F.3d at 1212 (further quotation omitted).  Once the party that asked for summary judgment shows the absence of

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

a genuine issue of material fact, the nonmovant "cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof. *Craig v. Eberly*, 164 F.3d 490, 493 (10th Cir. 1998) (quotations omitted).

Mr. Richardson's home, including its furnishings, was completely destroyed by fire on August 31, 1995. His complaint alleged that the fire was caused by defendants' negligence in installing a power line and connecting electrical service to his home in the days immediately preceding the fire. Mr. Richardson presented evidence that defendants' installation of electrical service was not performed by a licensed electrical contractor and that several aspects of the installation did not comply with the National Electrical Code.

Defendants presented evidence from an expert in electrical power and control systems and fire investigation that defendants' electrical equipment and service were not the cause or origin of the fire. Defendants' expert provided a detailed affidavit describing his site inspection and analysis of Mr. Richardson's property after the fire. *See* Appellant's App. at 64-66. In the affidavit, defendants' expert verified that there was no indication that defendants' electrical service equipment malfunctioned or started the fire and that the physical evidence suggested that the electrical service and equipment at Mr. Richardson's home were de-energized at the time of the fire, in which case the service and equipment

could not have been the cause or origin of the fire.    *See id*. at 65-66.  The expert also testified that, had the electrical service and equipment been involved in the initiation of the fire, there would be evidence of sustained electrical arcing damage, which was not found on the electrical equipment at Mr. Richardson's home.  *Id*.

In response to this evidence, Mr. Richardson failed to present any evidence indicating what initiated or caused the fire, or to present any evidence refuting defendants' evidence that the fire was not caused by their electrical service or equipment.  "'Failure to establish that the defendant's negligence was the proximate cause of the harmful event is fatal to [a] plaintiff's [negligence] claim.'"  *Lefthand v. City of Okmulgee*  , 968 P.2d 1224, 1225-26 (Okla. 1998) (quoting  *Thompson v. Presbyterian Hospital, Inc.*    , 652 P.2d 260, 263 (Okla. 1982)).  "As a general rule the question of proximate cause is a question of fact for the jury.  *Id*. at 1226.  "[T]he question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a jury could reasonably find a causal connection between the allegedly negligent act and the injury."  *Id*.

We agree with the district court's conclusion that Mr. Richardson failed to present any evidence indicating a causal link between defendants' electrical equipment or service and the fire.  Where the nonmovant will bear the burden of

proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Mr. Richardson's general and conclusory conjecture regarding causation is insufficient to show there is a genuine issue of material fact or that the defendants are not entitled to summary judgment as a matter of law. *See Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995) ("Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."). Because Mr. Richardson failed to present any evidence that defendants' negligence caused the fire, an essential element of his claim, the district court correctly granted summary judgment in favor of defendants.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge