**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GWENDOLYN R. HRABOWSKIE;
ANGELA SNOW; FAITH R. JONES;
ARTHUR I. RADCLIFF; MABELENE
RADCLIFF,

        Plaintiffs-Appellants,

  and

ARTHURENE R. CRAIG;
JOSHUA L. RADCLIFF,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 99-7100
(D.C. No. 98-CV-379-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs brought suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), alleging that the United States was liable to them for damages resulting from the negligence and outrageous conduct of the Veteran's Administration Medical Center (VA) in Muskogee, Oklahoma, in connection with the death of their father, Arthur Radcliff. The district court conducted a bench trial and found that the evidence did not establish that the VA was negligent or that its conduct was extreme and outrageous.

"We review de novo the district court's legal conclusions under the FTCA. The district court's factual findings will be set aside, however, only if they are clearly erroneous." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citation omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotations omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse . . . even though . . . [we] would have weighed the

evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 573-74. Guided by these standards, we affirm.

Facts

Plaintiffs are children of Arthur Radcliff, a Black man who died at the VA in Muskogee, Oklahoma on July 9, 1995. The funeral was to be held in Alabama, and arrangements were made to have Sloan's Funeral Home (Sloan's) in Tulsa pick up the body, embalm it, and ship it to the Alabama funeral home.

Two days after Mr. Radcliff died, Donald Nelson, who was Caucasian, also died at the VA in Muskogee. Mr. Nelson's family arranged to have Sloan's pick up Mr. Nelson's body from the VA for cremation. Sloan's was to pick up Mr. Nelson on July 11th, and Mr. Radcliff on July 12th. As a result, both men were in the cooler room in the new morgue at the VA at the same time.

A Sloan's employee picked up what he believed was Mr. Nelson's body on July 11th, and a different employee picked up what he believed was Mr. Radcliff's body on the 12th. Consequently, both bodies were at Sloan's for a period of time. Sloan's embalmed what they believed was Mr. Radcliff's body on the 12th. They could not cremate Mr. Nelson's body until they received a Death Certificate from the State Medical Examiner, and they cremated what they believed was Mr. Nelson's body on the 13th, after they received the Death

-3-

Certificate. The Death Certificate stated Mr. Nelson's race as Caucasian. Sloan's delivered what they believed was Mr. Radcliff's body to the airport on July 14th, for shipment to Alabama.

Quite unfortunately, the body that was sent to Alabama was, in fact, Mr. Nelson's. When the body arrived at the Alabama funeral home, it was viewed by plaintiffs, who were expecting to see their father. The body that was cremated was Mr. Radcliff's. Plaintiffs contend that this unfortunate error was the result of the VA's negligence in identifying and releasing their father's body, failing to adequately train their employees, and failing to institute proper procedures for the placement of bodies in its new morgue. In addition, plaintiffs claim that the VA's actions resulted in negligent infliction of emotional distress and that the VA's conduct was extreme and outrageous and, thus, they are entitled to recover for intentional infliction of emotional distress.

<u>Discussion</u>

Because the FTCA "makes the United States liable on tort claims under those circumstances in which a private individual would be liable under state law," we apply "the law of the place where the alleged negligence occurred." *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). Oklahoma law provides that "to establish a claim based on negligence, the plaintiff must establish (a) the existence of a duty owed by defendant to plaintiff; (b) that the

-4-

defendant failed to perform that duty; and (c) that the defendant's failure caused the plaintiff injury." *Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1168 (10th Cir. 2000). "[A] proximate cause is defined as one that, in the natural and continuous sequence, produces [the plaintiff's] injury and without which the injury would not have happened." *Id.* at 1172 (quotations omitted). If, however, "an unforeseeable event intervenes between the breach of duty, and that event directly causes the injury completely independent of the original breach, then the intervening cause becomes the supervening cause and breaks the causal nexus between the initial breach and the subsequent injury." *Id.* at 1181 (quotation omitted). When there is a supervening cause, any original negligence becomes only a remote cause or mere condition. *See Lefthand v. City of Okmulgee*, 968 P.2d 1224, 1226 (Okla. 1998). "A true supervening cause acting to insulate [a] defendant from liability must satisfy a three-prong test: (1) it must be independent of the original act, (2) it must be adequate of itself to bring about the result, and (3) it must not have been a reasonably foreseeable event." *Id.* Generally, whether a defendant's failure to perform a duty owed is the proximate cause of a plaintiff's injury is a question of fact. *See id*.[1]

---

[1] "[T]he question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a [factfinder] could reasonably find a causal connection between the allegedly negligent act and the injury." *Lefthand*, 968 P.2d at 1226. This exception to the general rule that

(continued...)

After considering all the evidence, the district court found that the two bodies were properly identified by toe tags and identification bracelets at the VA and that the identifying tags remained on the bodies while they were at Sloan's. In fact, the toe tag identifying Mr. Nelson was still attached to his toe when he was returned from Alabama. The court found that the VA employee who released Mr. Nelson's body, and the Sloan's employee who took the body, both confirmed Mr. Nelson's identity according to the toe tag and/or the bracelet. It further found that Sloan's visually inspected the chest area of every body it cremated for the presence of a pacemaker, and an inspection of Mr. Radcliff's chest area would have revealed that he was Black. The court concluded that Sloan's erroneously cremated Mr. Radcliff's body contrary to the Death Certificate, which authorized cremation of Mr. Nelson, a Caucasian. In sum, the district court found that the VA was not negligent because it released the proper bodies to the respective Sloan's employees. All of these findings are perfectly plausible when the record is viewed in its entirety, and, therefore there was no clear error.

To the extent that the VA breached a duty to institute appropriate procedures for the placement of bodies in the new morgue and properly train its employees in the procedures to be used in the new morgue, the district court

---

[1](...continued)
proximate cause is a factual question does not apply on this record.

found that these failures by the VA were not the proximate cause of plaintiffs' injuries. Instead, it found that the VA's omissions were merely a condition that made the cremation of Mr. Radcliff possible. Sloan's cremation of Mr. Radcliff without authorization and its delivery of Mr. Nelson to Alabama without verifying his identity were independent, efficient, and unforeseeable acts and, as such, amounted to a supervening cause that insulates the VA from any liability. *See id.* These findings are also permissible views of the evidence, and, as such, are not clearly erroneous.

Finally, the district court was correct in finding that defendant's conduct was neither extreme nor outrageous. Consequently, plaintiffs are not entitled to recover on a theory of intentional infliction of emotional distress.

AFFIRMED.

Entered for the Court


David Ebel
Circuit Judge

-7-